Bob Pemberton, Justice
In this cause, Nima Amini has appealed from the denial, by operation of law, of his Texas Citizens Participation Act (TCPA) motion to dismiss claims asserted against him below by appellees Spicewood Springs Animal Hospital, LLC, and Dr. Barak Benaryeh.[1] Appellees have responded with a motion to dismiss Amini's appeal. This pre-submission motion has jurisprudential novelty beyond the norm: it includes an appellate-level TCPA motion to dismiss Amini's appeal.[2] We conclude that the TCPA does not authorize that motion or relief.
*844 Appellees' underlying reasoning is grounded in the TCPA's expansively worded operative definitions, which in their view snare Amini's appeal within the Act's coverage as a "legal action" that "is based on, relates to, or is in response to" appellees' "exercise of the right to petition" or "exercise of the right of free speech."[3] From that premise, appellees dispute that Amini can meet what would be his burden to "establish by clear and specific evidence a prima facie case for each essential element" of his appeal.[4] Appellees have further requested that this Court-an appellate court-set a hearing to decide their motion, as the TCPA would presumptively require within sixty days after service of a motion under that Act.[5]
The linchpin of appellees' reasoning is the TCPA's definition of "legal action," which identifies the types of judicial proceedings that are subject to dismissal motions:
a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.[6]
An appeal, appellees insist, qualifies as a "lawsuit," "petition," "complaint," and "judicial pleading or filing that requests legal or equitable relief" under what they view as the "plain" and "unambiguous" meanings of those terms. But even assuming any of these terms could conceivably bear that meaning in some abstract sense (and we do not concede this), that would not end the inquiry. We must also take account of the definition's broader context within the TCPA as a whole.[7] Doing so confirms that the Legislature intended the TCPA's dismissal mechanisms to operate against "legal actions" at the trial-court level and not against appeals.
Among the TCPA's features that compel that conclusion are:
*845 • an automatic stay of "all discovery in the legal action ... until the court has ruled on the motion to dismiss"[8] ;
• a grant of discretion to "the court" to "allow specified and limited discovery relevant to the motion" upon "a showing of good cause"[9] ;
• a prescribed analysis in which "the court" is to consider whether "the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question" and whether "the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim"[10] ;
• a requirement that "the court," "[i]n determining whether a legal action should be dismissed under this chapter," "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based"[11] ;
• a further requirement that "the court," upon request by the TCPA movant, "shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose"[12] ; and
• requirements that "the court" determine and award "reasonable attorney's fees" to a successful movant, as well as "sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter."[13]
These provisions require fact findings, discovery, and hearings that are characteristic of trial-level proceedings and foreign to appellate courts. Similarly, the "legal action" contemplated by these provisions has discovery and "essential element[s]," features unknown to appeals. These provisions thereby belie legislative intent to include appellate courts in "the court" that is directed to conduct the prescribed procedures or to include appeals within the "legal actions" that are made subject to dismissal. At the very least, we cannot conclude that the Legislature intended such a fundamental transformation of appellate courts' jurisdiction and procedure without stronger textual support for that notion.
Appellees' remaining arguments in support of their appellate-level extension of the TCPA are unpersuasive. Appellees emphasize that the Legislature did not list appeals in the types of "legal actions" that are explicitly excluded from TCPA coverage under Section 27.010 of the Act,[14] but *846 this merely begs the original question of whether an appeal is a TCPA "legal action" in the first place. Appellees also point to Section 27.008 of the Act, which addresses "an appeal ... from a trial court order on a motion to dismiss a legal action under [the TCPA] or from a trial court's failure to rule on that motion [timely]."[15] As appellees see it, Section 27.008 demonstrates that the Legislature had appeals in mind when crafting the TCPA's "legal action" definition and not explicitly excluding them from the Act. In our view, the import of Section 27.008 is instead to confirm further that TCPA motions to dismiss and TCPA "legal actions" are proceedings before "a trial court ," as Section 27.008 references, and not a court of appeals. And Section 27.008 correspondingly prescribes a role for courts of appeals under the TCPA that is our traditional one of deciding appeals from trial-court rulings.
Because appellees' appellate-level TCPA dismissal motion is not cognizable under that statute, we deny it. We also dismiss as moot appellees' accompanying request for a hearing on the motion.
In addition to their appellate-level TCPA motion, appellees assert other grounds for dismissal that are styled as challenges to our jurisdiction over Amini's appeal. These "jurisdictional" challenges are that the TCPA does not properly apply to and protect Amini's lawsuit, that they have valid defenses to Amini's TCPA motion, and that the TCPA is unconstitutional as Amini seeks to apply it against them. These arguments implicate the merits of Amini's appeal or amount to alternative grounds for affirmance and do not demonstrate any absence of the jurisdiction the Legislature has granted us to review the deemed denial of Amini's TCPA motion.[16] We accordingly deny these asserted grounds for dismissal, as well.

See Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) ("A person may appeal from an interlocutory order of a ... county court at law ... that ... denies a motion to dismiss filed under Section 27.003."); see also id. §§ 27.003 (authorizing TCPA motion to dismiss), .008(a) (providing for denial of TCPA motion "by operation of law" if not ruled on within TCPA's deadlines, upon which "the moving party may appeal").

Appellees attempted similarly aggressive (though not unprecedented) use of the TCPA below, attacking Amini's TCPA motion with their own TCPA motion, thus presenting the situation addressed in Paulsen v. Yarrell , 537 S.W.3d 224, 234 (Tex. App.-Houston [1st Dist.] 2017, pet. denied). Appellees' TCPA counter-motion, like Amini's principal motion, was denied by operation of law (although the trial court subsequently issued a letter advising that it would have denied the counter-motion "regardless" under Paulsen ), but appellees have not perfected an appeal from that ruling. We should acknowledge, however, that appellees perceive Amini to be the initiator of expansive TCPA deployment in this case.

See Tex. Civ. Prac. & Rem. Code § 27.005(b) (movant must initially "show[ ] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association"); see also Cavin v. Abbott , 545 S.W.3d 47, 59, No. 03-16-00395-CV, 2017 WL 3044583, 2017 Tex. App. LEXIS 6511 (Tex. App.-Austin July 14, 2017, no pet.) (explaining this "initial burden" or "applicability" stage of the TCPA motion practice).

Cf. Tex. Civ. Prac. & Rem. Code § 27.005(c) (prescribing this requirement with respect to "each claim in question"); see also Cavin , 545 S.W.3d at 72, 2017 WL 3044583, at *18, 2017 Tex. App. LEXIS 6511, at *43-45 (explaining this "merits-testing" phase of the TCPA analysis).

See Tex. Civ. Prac. & Rem. Code § 27.004.

Id. § 27.001(6).

See Youngkin v. Hines , 546 S.W.3d 675, 680-81, No. 16-0935, 2018 WL 1973661, 2018 Tex. LEXIS 348 (Tex. Apr. 27, 2018) (after concluding that predicate for TCPA motion fit within "plain meaning" of "exercise of the right to petition" definition, additionally considering whether this construction conflicted with Act's stated purpose to safeguard constitutional rights while not foreclosing meritorious lawsuits, as "[i]t is by now axiomatic that we must construe individual words and provisions in the context of the statute as a whole" (citing El Paso Healthcare Sys. v. Murphy , 518 S.W.3d 412, 418 (Tex. 2017) ; Black v. American Bankers Ins. Co. , 478 S.W.2d 434, 437 (Tex. 1972) ; Lufkin v. City of Galveston , 63 Tex. 437, 439 (Tex. 1885) ) ); Craig v. Tejas Promotions, LLC , 550 S.W.3d 287, 302-03, No. 03-16-00611-CV, 2018 WL 2050213, 2018 Tex. App. LEXIS 3126 (Tex. App.-Austin May 3, 2018, no pet. h.) (similarly considering broader statutory context in construing and applying TCPA's "legal action" definition to hold that declaratory-judgment claims were not independently a "legal action" or actions, despite arguable facial correspondence to definition, where claims' substance was subsumed within causes of action for damages and injunctive relief).

See Tex. Civ. Prac. & Rem. Code § 27.003(c).

See id. § 27.006(b).

See id. § 27.005(c), (d).

See id. § 27.006(a).

See id. § 27.007(a).

See id. § 27.009(a), (b).

See id. § 27.010 ("This chapter does not apply to" certain "enforcement action[s] ... brought in the name of this state or a political subdivision"; "a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer"; "a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action"; or "a legal action brought under the Insurance Code or arising out of an insurance contract.").

See id. § 27.008.

See id. §§ 27.008(a), 51.014(a)(12).