# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00769-CV

**Matthew S. Bovee, Appellant**

**v.**

**Heinz North America Div. of J.H. Heinz Co., L.P.; CBS News, Inc.; Michael Kasper Heinz; Michael Charles Heinz; Michelle Heinz; and Jerika Duncan, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003301, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Matthew Bovee, as a pro se inmate, filed this interlocutory appeal of the district court's orders denying his motion to dismiss under the Texas Citizens Participation Act ("TCPA").[1] *See* former Tex. Civ. Prac. & Rem. Code §§ 27.005(b), 51.014(a)(12). Making unconventional use of the TCPA, Bovee's motion sought dismissal of answers that the defendants had not yet filed in Bovee's suit against them concerning the reporting of his felony offense against a child. On appeal, Bovee contends that the district court erred by denying his

---

[1] The Legislature amended the Texas Citizens Participation Act in 2019, but those changes do not apply here because Bovee filed suit before the effective date of the amendments. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (specifying that TCPA amendments apply only to action filed on or after September 1, 2019); *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019) (noting that prior version of TCPA controls cases filed before September 1, 2019); *see generally* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011 (TCPA). This opinion cites the pre-amendment TCPA.

motion and by overruling his objections to certain exhibits. We will affirm the district court's orders.

## BACKGROUND

**Bovee files suit after CBS News report about his felony offense against child**

The record reflects that while incarcerated[2] on June 10, 2019, Bovee filed a pro se lawsuit against his victim's family members including Michael Kasper Heinz (M.K.H.); Heinz North America limited partnership; and two media defendants, CBS News Inc. and its reporter Jericka Duncan (collectively, CBS News), primarily asserting defamation-based claims for the reporting of his crime.[3] The CBS News report published December 10, 2018, was titled "Hundreds of Sexual Abuse Cases Reported at Children's Camps Across the U.S." It discussed the number of child-sexual-abuse cases reported at summer camps, noted that many cases may go unreported, and identified possible reasons for the high number of cases, including the lack of uniform regulations or background checks and the false sense of security many children may have at summer camps. Further, the report provided resources for parents to obtain more information about camps before deciding where to send their children.

In its discussion of past incidents of sexual abuse at camps, the report discussed the case of one child victim, who was not identified by name, and his July 2009 experience at Camp La Junta, an all-boys summer camp in Hunt, Texas, where Bovee was then a camp counselor. On February 6, 2019, CBS received a letter from Bovee requesting retraction of the

---

[2] Bovee was indicted by a grand jury for aggravated assault of a child and indecency with a child, pleaded guilty in 2011 to the lesser-included offense of injury to a child, violated probation for his conviction, and was sentenced to nine years' imprisonment.

[3] Bovee sued multiple parties in the underlying suit, but only Michael Kasper Heinz and the two media defendants appeared.

2

report. CBS News sent a response letter to Bovee by overnight mail on February 28, 2019, declining his request.[4] The letter defended the news report's accuracy and noted that Bovee "admitted in [his] guilty plea that in 2009, while serving as a camp counselor, [he] injured an 11-year-old boy by 'penetrating [his] anus.'" The letter advised Bovee that because the reporting about him was "demonstrably true," a defamation claim as to the report would be "baseless" and subject to dismissal and sanctions under the TCPA on CBS's motion. *See, e.g.*, *Adams v. Starside Custom Builders, L.LC.*, 547 S.W.3d 890, 896 (Tex. 2018) (noting that alleged defamatory statements, including allegations of criminality, met TCPA definition of "matter of public concern" to well-being of community). Over three months later, Bovee filed the underlying suit.[5]

**Bovee files motion to dismiss presumed "retaliatory answers"**

On August 19, 2019, before any defendant had filed an answer to Bovee's suit, Bovee filed a motion to dismiss what he asserted would be "retaliatory answers." Bovee's motion to dismiss presupposed that the defendants' then-unfiled answers to his suit would be "pleadings specifically requesting sanctions, monetary damages, fees, costs, interest, and the dismissal of his declaratory judgement [sic]" and contended that those unfiled answers would be "counter-pleadings" constituting "legal actions amenable to dismissal under the TCPA."

On August 23, 2019, CBS News filed its answer. CBS News' answer did not include counterclaims or cross-claims but consisted of a general denial; special exceptions;

---

[4] Bovee attached a copy of this letter as an exhibit to his motion to dismiss.

[5] While incarcerated, Bovee also sued a parent of his victim and other media defendants in connection with separate news reporting of the Camp La Junta incident that led to Bovee's felony conviction. *See Bovee v. Houston Press, L.P.*, No. 14-17-00008-CV, 2019 Tex. App. LEXIS 5013, at *1-2 (Tex. App.—Houston [14th Dist.] June 18, 2019, no pet.) (mem. op.).

3

"mitigating factors"; and affirmative defenses, including an assertion of TCPA protection for its reporting of "true facts reported" on "a matter of legitimate public concern." The following month, CBS News filed its own TCPA motion to dismiss Bovee's claims.

On September 20, 2019, M.K.H. filed his answer. M.K.H.'s answer did not include counterclaims or cross-claims but consisted of a motion to transfer venue, a general denial, special exceptions, and affirmative defenses. Among the affirmative defenses were allegations that the claims in Bovee's signed petition were frivolous as defined in chapters 9, 10, and 14 of the Civil Practice and Remedies Code, which address signing of frivolous pleadings, sanctions for filing frivolous pleadings, and frivolous inmate litigation. M.K.H. pled for remedies under those frivolous-pleading statutes, the Uniform Declaratory Judgments Act, and the TCPA. The following month, M.K.H. filed his own TCPA motion to dismiss Bovee's claims and motion to dismiss Bovee's claims as "frivolous or malicious" inmate litigation.

The district court heard Bovee's and CBS News' TCPA motions to dismiss on October 16, 2019, and Bovee participated in the proceeding by telephone from prison. During the hearing, Bovee stated that his TCPA motion sought dismissal of CBS News' and M.K.H.'s answers:

> Traditionally, the TCPA motion is used by defendants; however, the definition of [the] TCPA in the [A]ct itself, permit[s] dismissal of affirmative pleadings, including answers. It is my contention that their original answer[s] sought affirmative defenses, including if the Court will notice in the prayer, it specifically ask[s] for dismissal of all the plaintiff's claims, as well as attorney's fees.

CBS News challenged the use of the TCPA to dismiss CBS News' subsequently filed answer:

> It is an answer that we are required to file under the Texas Rules of Civil Procedure or risk default. Despite what Mr. Bovee said, there actually is no case

4

law and no authority for the proposition that you can file [an] Anti-SLAPP motion in response to an answer. . . . [W]hat he calls . . . retaliatory pleadings, it's an answer we filed in response to his lawsuit seeking to prevent my client from speaking out on a matter of public concern.

. . .

[I]f Mr. Bovee's interpretation was allowed to stand, it would mean that every time a defendant was sued, they would have to think about whether they wanted to risk default by not answering, or file an answer and risk having a TCPA motion filed against them.

Similarly, M.K.H. challenged Bovee's use of the TCPA to dismiss M.K.H.'s subsequently filed answer:

The Court has correctly noted that Mr. Bovee's motion to dismiss pleadings of my client was filed a month before my client ever filed an answer. . . . Mr. Bovee has sought to preempt what he expected my clients would do in this case after being sued by [him,] the individual who pled guilty to harming their child at summer camp. And he expected that we would file some sort of what [h]e calls retaliatory pleadings. So I think the motion to dismiss on its face is improper because at the time it was filed, there was absolutely no legal action, as that term is defined under the TCPA, to which the motion to dismiss could be directed.

The district court ruled on the parties' objections to evidence,[6] took CBS News' motion to dismiss under advisement,[7] and orally denied Bovee's motion to dismiss. The next day, the district court signed an order denying Bovee's motion to dismiss as to CBS News and a separate order denying Bovee's motion as to M.K.H. This appeal followed.

---

[6] Only CBS News and Bovee presented evidentiary objections to the district court. M.K.H. attached no exhibits to his answer or his response to Bovee's TCPA motion.

[7] The district court later signed an order granting CBS News' motion to dismiss. Determination of the final award of fees, court costs, expenses, and sanctions to CBS is stayed pending resolution of this interlocutory appeal. *See* former Tex. Civ. Prac. & Rem. Code §§ 27.009 (providing for award of attorney's fees, court costs, expenses, and sanctions to moving party if legal action is dismissed under TCPA), 51.014(a)(12), (b) (addressing automatic stay).

## DISCUSSION

**First issue: Denial of Bovee's TCPA motion to dismiss**

Bovee's first issue challenges the district court's denial of his TCPA motion to dismiss as to CBS News and M.K.H. As we have noted, Bovee's motion to dismiss complained about answers that CBS News and M.K.H. had not yet filed in Bovee's suit against them. Bovee presumed that CBS News and M.K.H. would file "retaliatory answers" and "counter-pleadings" that would be "legal actions amenable to dismissal under the TCPA."

The Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) (quoting Tex. Civ. Prac. & Rem. Code § 27.002, unchanged in 2019 amendments to TCPA). To achieve this balance, the TCPA authorizes "expedited consideration of any suit that appears to stifle the [movant]'s communication on a matter of public concern." *Id.* (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding)). This is accomplished through a motion-to-dismiss procedure, providing that "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Former Tex. Civ. Prac. & Rem. Code § 27.003; *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 727 (Tex. App.—Dallas 2016, pet. denied).

Determining a TCPA motion to dismiss involves a "three-step decisional process." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). Initially, the movant seeking dismissal must demonstrate by a preponderance of the

6

evidence that the legal action sought to be dismissed is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. Former Tex. Civ. Prac. & Rem. Code § 27.005(b); *Lona Hills Ranch*, 591 S.W.3d at 132; *Levatino*, 486 S.W.3d at 727; *see also Cavin v. Abbott*, No. 03-19-00168-CV, 2020 Tex. App. LEXIS 4786, at *4 (Tex. App.—Austin June 26, 2020, no pet. h.) ("In analyzing the TCPA's applicability, courts first determine whether the party moving for dismissal has shown by a preponderance of the evidence that the TCPA applies to the legal action against it."). If the movant does not meet this initial burden, the motion to dismiss fails. *Duncan v. Acius Grp., LP*, No. 05-18-01432-CV, 2019 Tex. App. LEXIS 8319, at *4 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (mem. op.) (citing former Tex. Civ. Prac. & Rem. Code § 27.005(b)).

But if the movant meets this initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Former Tex. Civ. Prac. & Rem. Code § 27.005(c); *Lona Hills Ranch*, 591 S.W.3d at 132. If the nonmovant meets that burden, then the burden shifts back to the movant to establish "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." Former Tex. Civ. Prac. & Rem. Code § 27.005(d); *Lona Hills Ranch*, 591 S.W.3d at 132. If the trial court orders dismissal, it shall award reasonable attorney's fees and other costs and expenses, as well as sanctions, to the movant. Former Tex. Civ. Prac. & Rem. Code § 27.009(a); *Lona Hills Ranch*, 591 S.W.3d at 132. Additionally, the trial court may award costs and fees to the nonmovant if it finds that the motion to dismiss was frivolous or solely intended for delay. Former Tex. Civ. Prac. & Rem. Code § 27.009(b); *Lona Hills Ranch*, 591 S.W.3d at 132. "In determining whether a legal action should be dismissed . . . , the court shall

7

consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Former Tex. Civ. Prac. & Rem. Code § 27.006(a).

The question here is whether Bovee met his initial burden of showing that the statutory definition of "legal action" encompasses an unfiled answer to his lawsuit. *See id.* § 27.005(b). Whether parties met their respective TCPA burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Further, the text of the TCPA dictates the outcome of this case, and we consider such statutory construction issues de novo. *See Lona Hills Ranch*, 591 S.W.3d at 132.

### 1. What was the "legal action" brought against Bovee?

As an initial matter, we note that Bovee presents alternative contentions about what "legal action" was brought against him by the defendants. On one hand, Bovee contends that after he filed his suit, CBS News and M.K.H. filed "retaliatory answers." He says that those answers sought dismissal of his causes of action and that they were "retaliatory pleadings" filed "[i]n response to Bovee's exercise of the rights to petition and free speech." On the other hand, Bovee contends that the legal action against him preceded the filing of his suit—specifically, CBS's response letter to his request for retraction and M.K.H.'s threat to sue him "prior to any legal papers being filed in this controversy."

Regarding the latter contention, even if we were to conclude that the February 28, 2019 response letter that CBS overnighted to Bovee could constitute a "legal action" against him under the TCPA, the record reflects that Bovee's motion to dismiss that alleged legal action would have been untimely. Bovee filed his motion to dismiss on August 19, 2019, more than sixty days after service of the CBS response letter. *See* former Tex. Civ. Prac. & Rem. Code

8

§ 27.003(b) (requiring filing of TCPA "motion to dismiss a legal action . . . not later than the 60th day after the date of service of the legal action"). Similarly, even if we were to conclude that M.K.H.'s alleged threat to file suit constituted a "legal action" against Bovee under the TCPA, there is nothing in the record indicating that it occurred on a date that was within sixty days of Bovee's filing his motion to dismiss so that the motion would have been timely. *See id.*

As the TCPA movant, Bovee had the burden of showing that his motion to dismiss was timely filed. *See Chandni I, Inc. v. Patel*, 601 S.W.3d 13, 23 (Tex. App.—El Paso 2019, pet. denied) (concluding that TCPA movants failed to meet their burden of showing that their TCPA motion to dismiss was timely filed). On this record, Bovee did not make that showing as to either of the pre-suit "legal actions" he identified, and the district court would not have erred by denying his motion to dismiss on that basis. *See Paulsen v. Yarrell*, 455 S.W.3d 192, 198 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A trial court does not err by denying an untimely filed motion to dismiss under the TCPA."); *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.) (concluding that untimeliness of movant's TCPA motion to dismiss "provid[ed] a basis for the trial court's refusal to grant the motion"). We next consider Bovee's alternative contention that the answers CBS News and M.K.H. filed in his suit against them constituted "legal actions" under the TCPA.

## 2. No "legal action" against Bovee existed when he filed TCPA motion to dismiss

As the TCPA movant, Bovee also bore the initial burden of demonstrating, by a preponderance of the evidence, that CBS News and M.K.H. brought "legal actions" "based on, related to, or in response to" Bovee's exercise of his right of free speech, right of association, or right to petition as defined in the TCPA. *See* former Tex. Civ. Prac. & Rem. Code § 27.005(b);

9

*Sloat v. Rathbun*, 513 S.W.3d 500, 503 (Tex. App.—Austin 2015, no pet.). "Legal action"—as defined in the applicable pre-amendment version of the TCPA—means "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Former Tex. Civ. Prac. & Rem. Code § 27.001(6); *Cavin*, 2020 Tex. App. LEXIS 4786, at *3-4. Some legal action must have been brought against the movant before the TCPA's dismissal procedure may be employed. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) ("A party may invoke the TCPA dismissal procedure if that party shows by a preponderance of the evidence that the legal action against it 'is based on, relates to, or is in response to' the party's exercise of the right to speak, petition, or associate."); *Damonte v. Hallmark Fin. Servs*., No. 05-18-00874-CV, 2019 Tex. App. LEXIS 5954, at *12 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.) (noting that TCPA protection is triggered by "legal action brought against the movant"); Laura Lee Prather & Robert T. Sherwin, *The Changing Landscape of the Texas Citizens Participation Act*, 52 Tex. Tech L. Rev. 163, 166 (2020) (noting that TCPA provides protection to parties from meritless claims "brought against them" for exercising their constitutional rights).

Here, Bovee contends that CBS News and M.K.H. filed "retaliatory answers" against him "in response to [his] exercise of the rights to petition and free speech." However, when Bovee filed his TCPA motion to dismiss on August 19, 2019, no such "retaliatory answer[]" was on file. The only pleadings filed at the time were Bovee's original petition and his unsworn declaration of his indigent status as an inmate. Bovee's motion to dismiss was filed four days before the filing of CBS News' answer and thirty-two days before the filing of

10

M.K.H.'s answer. Thus, the record reflects that Bovee's motion to dismiss was filed in response to nothing. His motion relied entirely on what he assumed the defendants' answers would say.[8]

To support his interpretation of the TCPA, Bovee incorrectly contends that in *In re Elliott*, 504 S.W.3d 455, 461 (Tex. App.—Austin 2016, orig. proceeding), we interpreted "legal action" as "encompassing 'any . . . judicial pleading or filing that requests legal or equitable relief,'" and he states that we have "even applied the term to a pre-suit deposition" under Texas Rule of Civil Procedure 202. Bovee's excerpt is incomplete. The complete quotation from that part of *In re Elliott* refers to the statutory definition of "legal action" which, as we have noted, "means 'a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.001(6)).

Additionally, as *In re Elliott* plainly stated, a pre-suit deposition falls within the TCPA definition of "legal action"—which expressly includes a "petition"—because Rule 202 requires a *petition* to the trial court for an order authorizing the taking of that deposition. *Id.* at 464; *see In re Krause Landscape Contractors*, 595 S.W.3d 831, 836 (Tex. App.—Amarillo 2020, orig. proceeding) (citing *Elliott*, 504 S.W.3d at 463, and noting that because Rule 202 requires petition for court order allowing pre-suit deposition, "on its face, a Rule 202 petition falls within the description of a 'legal action' covered by the TCPA"); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 4 (Tex. 2019) (concluding that "removal petition" is legal action under TCPA). Nothing in *In re Elliott* states that a "legal action" under the TCPA encompasses an unfiled

---

[8] Those assumptions may have been based on defensive pleadings filed in prior litigation Bovee brought against his victim's parent and other media defendants in connection with separate news reporting of the Camp La Junta incident. *See Bovee*, 2019 Tex. App. LEXIS 5013, at *1-2.

answer. *Cf. In re Elliott*, 504 S.W.3d at 477 (Pemberton, J., concurring) (stating that "court *filings* could be attacked through TCPA dismissal motions" (emphasis added)). In fact, under Bovee's interpretation, a TCPA dismissal motion would itself constitute a "legal action," but the Texas Supreme Court has noted that a "TCPA dismissal motion is not itself a TCPA 'legal action.'" *Harper*, 562 S.W.3d at 8 (citing *Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)). In sum, Bovee cites no authority, and we have found none, for the proposition that not-yet-filed answers from CBS News and M.K.H. could constitute "legal actions" to which the TCPA applies.

**Preemptive use of TCPA to dismiss unfiled answers leads to absurd results**

Moreover, in construing the TCPA's provisions, we must adhere to "the plain meaning of the text unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result." *Lona Hills Ranch*, 591 S.W.3d at 133 (quoting *Beeman v. Livingston*, 468 S.W.3d 534, 538 (Tex. 2015)); *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc*., 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Concluding that an anticipated answer to a lawsuit that the movant himself has filed could be a "legal action" subject to dismissal under the TCPA would lead to absurd results the Legislature could not have intended. *See, e.g.*, *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 193-94 (Tex. App.—El Paso 2014, no pet.) (rejecting TCPA movant's contention that amended petition is "legal action" because that interpretation would lead to absurd result of "creat[ing] a perpetual opportunity" for filing TCPA dismissal motions that Legislature did not intend); *Check*, 438 S.W.3d at 836-37 (rejecting TCPA movant's contention that amended counterclaim was "legal action" and concluding that

12

such interpretation would lead to absurd results by continually resetting deadline for filing of TCPA dismissal motions each time party amended its petition or counterclaim, even if that amended pleading did not add new claims or parties). Under Bovee's interpretation of the TCPA, defendants must choose between the perils of: (1) filing an answer—even a general denial—after being sued and potentially having a TCPA dismissal motion filed against them, or (2) failing to answer or plead any matters necessary to avoid waiver or default under the Texas Rules of Civil Procedure. *See, e.g.*, Tex. R. Civ. P. 86 (addressing filing of motion to transfer venue), 90 (addressing exceptions to defects in pleading), 91 (addressing special exceptions), 92 (addressing general denial), 93 (addressing verified pleas), 94 (addressing affirmative defenses), 99(b) (addressing defendant's deadline to file written answer to plaintiff's petition), 239 (addressing default judgments); *see also id.* R. 84 ("The defendant in his answer may plead as many several matters, whether of law or fact, as he may think necessary for his defense, and which may be pertinent to the cause, and such matters shall be heard in such order as may be directed by the court, special appearance and motion to transfer venue, and the practice thereunder being excepted herefrom."). That nonsensical interpretation runs contrary to the Texas Supreme Court's admonition that "[w]e should not penalize parties or their attorneys for acting out of an abundance of caution and protecting their interests by filing an answer." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014); *see Lalonde v. Gosnell*, 593 S.W.3d 212, 235 (Tex. 2019) (Boyd, J., dissenting) (noting that "pleading for relief is not the same as asking the trial court to enter relief based on those pleadings").

Nothing in the text of the TCPA indicates a legislative intention to preemptively override the requirements and protections of an answer as set forth in the rules of civil procedure. Rather, the TCPA specifies that "[t]his chapter does not abrogate or lessen any other defense,

13

remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." Former Tex. Civ. Prac. & Rem. Code § 27.011(a). We have rejected other novel attempts to use the TCPA, including seeking dismissal of the movant's own administrative appeal in district court and the filing of an appellate-level TCPA motion to dismiss a pending appeal. *See Sullivan v. Texas Ethics Comm'n*, 551 S.W.3d 848, 850 (Tex. App.—Austin 2018, pet. denied) (rejecting contention that movant could use TCPA to dismiss his own administrative appeal); *Amini v. Spicewood Springs Animal Hosp.*, 550 S.W.3d 843, 843-44 (Tex. App.—Austin 2018, no pet.) (rejecting contention that TCPA definition of "legal action" authorized appellate-level motion to dismiss appeal and characterizing such motion as presenting "jurisprudential novelty beyond the norm"); *see also* Prather & Sherwin, *The Changing Landscape of the Texas Citizens Participation Act*, 52 Tex. Tech L. Rev. at 169-70 (noting that Legislature recently amended TCPA definition of "legal action" to prevent "gamesmanship" by those who "were using the law as a sword in litigation rather than for its intended purpose"). Bovee points to no authority, and we have found none, supporting the proposition that a defendant's unfiled answer to a suit that a TCPA movant has filed is a "legal action" that may be preemptively dismissed. Dismissal using that interpretation of "legal action" would ultimately relieve Bovee of the burden to prove that his claim has merit and shift the burden to CBS News and M.K.H. to show that Bovee's claims against them lacked merit. *See Paulsen*, 537 S.W.3d at 234 (noting that "Paulsen's proposed interpretation of 'legal action' could allow a plaintiff to defeat a motion to dismiss under the TCPA while avoiding the requirement to show that his claim has merit by establishing a prima facie case for each essential element of his claim" (citing former Tex. Civ. Prac. & Rem. Code § 27.005)). We are unpersuaded by Bovee's interpretation of "legal action" under the TCPA.

14

We conclude from this record that there was no "legal action" to which Bovee's TCPA motion to dismiss applied or responded. *Cf.* former Tex. Civ. Prac. & Rem. Code § 27.005(b); *Rathbun*, 513 S.W.3d 503. Because Bovee has not met his initial burden of showing the applicability of the TCPA in this context, his motion to dismiss as to CBS News and M.K.H. fails as a matter of law. *See* former Tex. Civ. Prac. & Rem. Code § 27.005(b); *Levatino*, 486 S.W.3d at 729 (concluding that TCPA movant failed to carry threshold burden of showing that pre-suit demand letters were "legal action" against him under TCPA and affirming denial of his motion to dismiss); *see also Duncan*, 2019 Tex. App. LEXIS 8319, at *4 (noting that if TCPA movant fails to carry its burden under section 27.005(b), "the motion fails"). Accordingly, we overrule Bovee's first issue contending that the district court erred by denying his TCPA motion to dismiss.

**Second issue: Bovee's objections to CBS News' exhibits**

Bovee's second issue contends that the district court erred by overruling his objections to three exhibits attached to CBS News' Answer: (1) the May 10, 2011 Information in Kerr County Cause No. B11-270 charging Bovee with "intentionally or knowingly caus[ing] bodily injury to JOHNNY DOE, a child 14 years of age or younger, by penetrating the anus of JOHNNY DOE"; (2) the "Second Amended Motion to Revoke Probation" filed in that same cause; and (3) the "Sex Offender Conditions" that Bovee signed in that case. Bovee acknowledges that his complaints "would be moot" if our determination of his first issue does not consider these exhibits.[9] We have not done so, and thus, we need not address Bovee's

---

[9] CBS News agrees that we need not reach Bovee's second issue because the district court's evidentiary rulings "have no relevance to whether Bovee met his initial burden to

second issue. *See* Tex. R. App. P. 47.1 (requiring issuance of opinion that is brief as possible but addresses every issue raised and necessary to final disposition of appeal).

## CONCLUSION

Because Bovee failed to demonstrate that his TCPA motion was filed in response to a "legal action," we affirm both the district court's October 17, 2019 orders denying Bovee's TCPA motion to dismiss. We lift the January 30, 2020 stay of trial-level proceedings that we imposed pending our resolution of Bovee's interlocutory appeal, *see Bovee v. Heinz N. Am. Div. of J.H. Heinz Co., L.P.*, No. 03-19-00769-CV, 2020 Tex. App. LEXIS 920, at *2 (Tex. App.—Austin Jan. 30, 2020, order), and remand this cause for further proceedings consistent with this opinion and section 27.009 of the Civil Practice and Remedies Code, *see* former Tex. Civ. Prac. & Rem. Code § 27.009.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   September 30, 2020

---

demonstrate the TCPA applies to CBS News' Answer and whether its Answer constitutes a 'legal action' under the TCPA."

16