

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00103-CV

_____

MAKAYLA MONTOYA FRAZIER AND BUCKLE BUNNIES FUND, Appellants

V.

ZACH MAXWELL, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2022388

Before the Court En Banc
Opinion by Justice Kerr

## OPINION

## I. Introduction

Rule of Civil Procedure 202 is a presuit-discovery device used to investigate a potential claim's existence or to preserve testimony to use in an anticipated lawsuit. *See* Tex. R. Civ. P. 202.1. In 2022, Appellee Zach Maxwell filed a Rule 202 petition seeking to depose Appellant Makayla Montoya-Frazier "to avoid a delay or failure of justice in an anticipated suit" and to investigate potential claims against "individuals and organizations that performed or aided or abetted abortions in violation of . . . Senate Bill 8."[1] *See* Tex. R. Civ. P. 202.4(a)(1)–(2). Montoya-Frazier and Appellant Buckle Bunnies Fund, founded by Montoya-Frazier, moved to dismiss Maxwell's Rule 202 petition under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011.

The TCPA is an expedited adjudication device aimed at "SLAPP"[2] suits, which are meritless legal actions filed to impede the exercise of some First Amendment

---

[1]The Legislature enacted Senate Bill 8 (SB 8), the Texas Heartbeat Act, in 2021. *See Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 351 (Tex. 2024); *see also Weldon v. Lilith Fund for Reprod. Equity*, No. 02-22-00413-CV, 2024 WL 976809, at \*2 (Tex. App.—Fort Worth Mar. 7, 2024, pet. filed) (mem. op.) (noting that *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 142 S. Ct. 2228 (2022), made SB 8 "mostly a footnote"); *Tex. Equal Access Fund v. Maxwell.* No. 02-22-00347-CV, 2024 WL 853320, at \*1–3 (Tex. App.—Fort Worth Feb. 29, 2024, pet. filed) (mem. op.) (tracing SB 8's legal-challenge background).

[2]SLAPP stands for "strategic lawsuit against public participation." *KBMT Operating Co., v. Toledo*, 492 S.W.3d 710, 713 n.6 (Tex. 2016).

rights. *See id.* In *DeAngelis v. Protective Parents Coalition*, this court held that a Rule 202 petition was a "legal action" under the TCPA's definition of that term and that the TCPA could therefore be used to dismiss it. *See* 556 S.W.3d 836, 850 (Tex. App.—Fort Worth 2018, no pet.). Since then, however, the Legislature has amended the TCPA.[3] *See* Laura Lee Prather, *Striking A Balance[:] Changes to the Texas Citizens Participation Act*, 83 Tex. Bar J. 238, 238 (2020) ("On September 1, 2019, significant [TCPA] changes . . . went into effect.").

The trial court denied Appellants' TCPA motion, and they brought this accelerated interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). In Appellants' first of four issues, they argue that, under *DeAngelis*, the TCPA applies to Maxwell's Rule 202 petition. In his response, Maxwell disagrees. The court decided to revisit *DeAngelis* en banc to determine whether its holding remained sound. *See* Tex. R. App. P. 41.2.

After requesting and receiving supplemental briefing, hearing oral arguments, and performing a comprehensive analysis of the Rule 202–TCPA interplay through a review of these devices' text, context, purposes, procedures, statutory definitions, and interpretive case law, we conclude that the TCPA, as amended in 2019, cannot be

---

[3]*Compare* Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 960, 960–63 (amended 2013, 2019) ("2011 Act"), *with* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 2019 Tex. Sess. Law Serv. Ch. 378 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011). The Legislature also amended the TCPA in 2013, 2021, and 2023. *See infra* n.8.

used to dismiss a Rule 202 petition because a Rule 202 petition is not a "legal action" under the TCPA. We thus overrule Appellants' first issue—and *DeAngelis*, to the extent it conflicts with this opinion—and affirm the denial of Appellants' TCPA motion.[4]

## II. Discussion

The TCPA provides for an expedited dismissal of a "legal action." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. The 2011 TCPA defined "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." 2011 Act at 961. The last item is the definition's "catchall." *See Cole v. Wolfram*, No. 02-21-00410-CV, 2022 WL 1259043, at *2 (Tex. App.—Fort Worth Apr. 28, 2022, pet. denied).

In 2019, the Legislature amended the catchall to add declaratory relief, and it added exclusions from the "legal action" definition, as shown in italics:

> a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, *declaratory*, or equitable relief. *The term does not include:*
>
> *(A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief;*
>
> *(B) alternative dispute resolution proceedings; or*
>
> *(C) post-judgment enforcement actions.*

---

[4]Because Appellants' first issue is dispositive, we do not reach their remaining issues. *See* Tex. R. App. P. 47.1.

4

Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A)–(C).

The parties' arguments center on (1) the use of "petition" in Rule 202 and in the above "legal action" definition, (2) Section 27.001(6)(A)'s exclusion, (3) the use of "relief" in the "legal action" definition, and (4) the purposes of Rule 202 and the TCPA.[5]

We will address these arguments below, beginning in Section A with the standard of review that guides our analysis, followed by our review in Sections B and C of Rule 202 and the 2019 TCPA, respectively, and our comparison, in Section D, of these devices' terms and functions. In the end, we conclude that the 2019 TCPA cannot be used to dismiss a Rule 202 petition: a Rule 202 petition (1) is not a "petition" for TCPA purposes, (2) is not included in the "legal action" definition's catchall because it does not request the catchall's "relief," and (3) is expressly excluded from the catchall under Section 27.001(6)(A) because it is a procedural step that does not add or amend a claim for legal, equitable, or declaratory relief.

**A. We apply the de novo standard of review to construe statutes and rules.**

Whether the TCPA applies is a statutory-construction issue. *See Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). Statutory construction is a question of law that we consider de novo. *See Tex. Health & Hum. Servs. Comm'n v. Est. of Burt*, 689 S.W.3d 274, 279 (Tex. 2024). In this de novo review, our primary objective is to

---

[5]The fourth topic was discussed during oral arguments.

ascertain and give effect to the Legislature's intent. *Morath v. Lampasas ISD*, 686 S.W.3d 725, 734 (Tex. 2024). We seek intent first in the text's plain meaning, but if the text is ambiguous, we may resort to construction rules. *See Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015).

In reviewing a statute's text for legislative intent, we consider the entire statutory framework and construe the Legislature's chosen words and phrases in context rather than in isolation. *Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019); *see* Tex. Gov't Code Ann. § 311.011 (stating that words and phrases "shall be read in context and construed according to the rules of grammar and common usage" and that if they "have acquired a technical or particular meaning, whether by legislative definition or otherwise, [they] shall be construed accordingly").

Both context and common sense delineate a word's scope, *Morath*, 686 S.W.3d at 735, 738, and we use its plain, commonly understood meaning unless a different meaning is supplied "or the plain meaning . . . leads to absurd or nonsensical results," *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 491 (Tex. 2017); *see In re T.V.T.*, 675 S.W.3d 303, 309 (Tex. 2023) (requiring absurdity, in the legal sense, to be "unthinkable or unfathomable").

To avoid absurdity, we are to resist rulings anchored in hypertechnical readings of isolated words or phrases because the meaning of words read in isolation is frequently contrary to their meaning read contextually. *See In re Dallas Cnty.*, 697 S.W.3d 142, 158 (Tex. 2024) (orig. proceeding). "[W]e must tether ourselves 'to

6

the *fair meaning* of the text,' not 'the hyperliteral meaning of each word in the text.'" *Id.* (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 356 (2012)). We will not give an undefined term a meaning that is inconsistent with the statute's other terms. *Greater Hous. P'ship*, 468 S.W.3d at 58.

To ascertain an undefined term's commonly understood meaning, we may consult dictionaries, *see Morath*, 686 S.W.3d at 735, treatises, and commentaries, as well as the term's prior constructions in other contexts, its use and definitions in other statutes, and its use in our rules of evidence and procedure. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014). Even if an undefined term has multiple meanings, we recognize and apply only the meanings that are consistent with the entire statutory scheme, *Greater Hous. P'ship*, 468 S.W.3d at 58, because we may not interpret a statute in a way that renders any part of it meaningless or superfluous, *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 581 (Tex. 2022). We must reject an interpretation that defeats the statute's purpose if another reasonable interpretation exists. *Atascosa Cnty. v. Atascosa Cnty. Appraisal Dist.*, 990 S.W.2d 255, 258 (Tex. 1999); *see Jaster*, 438 S.W.3d at 569 n.17.

We may also look to statutory history and presumptions. *See In re J.S.*, 670 S.W.3d 591, 597 (Tex. 2023). Statutory history concerns how the law has changed and, unlike legislative history, does not involve collateral or speculative questions such as the policy goals that motivated individual legislators or the reasons they did not adopt a given version of a legislative proposal. *Id.* at 597–98 (quoting *Brown v. City of*

7

*Hous.*, 660 S.W.3d 749, 755 (Tex. 2023)). *See generally* Tex. Gov't Code Ann. § 311.023 (stating that regardless of whether a statute is considered facially ambiguous, a court may consider, among other matters, the object sought to be attained, the enactment's circumstances, former statutory provisions, and a particular construction's consequences).

When the Legislature re-enacts a statute with no substantial changes after appellate courts have construed it, we presume that the Legislature has adopted the judicial interpretation. *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000); *see Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex. 1975) ("New or revised statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and subject thereto unless the contrary is clearly indicated."); *see also Am. Nat'l Ins. v. Arce*, 672 S.W.3d 347, 353 n.14 (Tex. 2023) (referencing *Grapevine Excavation*'s discussion of the legislative-acceptance doctrine).

The above principles apply to procedural-rule interpretation. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

**B. Rule 202 is a presuit-discovery rule.**

Rule 202, "the broadest pre-suit discovery authority in the country," *In re Doe (Trooper)*, 444 S.W.3d 603, 610 (Tex. 2014) (orig. proceeding), is a "court-created creature," Amy Bresnen, Lisa Kaufman, & Steve Bresnen, *Targeting the Texas Citizen*[*s*] *Participation Act: The 2019 Texas Legislature's Amendments to a Most Consequential Law*,

8

52 St. Mary's L.J. 53, 78 & n.147 (2020) (citing Tex. Const. art. V, § 31(b), and Tex. Gov't Code Ann. § 22.004(c)).

The supreme court created Rule 202 in 1999 by blending two repealed rules—Rule 187, which permitted discovery to perpetuate testimony, and Rule 737, which allowed a presuit investigation of an unfiled case's merits—"in an attempt to accommodate competing concerns of plaintiffs and defense lawyers regarding the extent to which plaintiffs should be permitted to obtain pre-suit or investigatory depositions without notice to potential parties." Hon. Nathan L. Hecht & Robert H. Pemberton, *A Guide to the 1999 Texas Discovery Rules Revisions* (based on Misc. Docket No. 98-9196 (Nov. 9, 1998), 61 Tex. Bar J. 1139 (Dec. 1998)), *at* http://adrr.com/law1/rules.htm (last visited Feb. 10, 2025); *see In re Bed Bath & Beyond, Inc.*, No. 2-07-316-CV, 2007 WL 4292304, at *1 (Tex. App.—Fort Worth Dec. 7, 2007, orig. proceeding) (mem. op.); Kate Gaither, *Texas Rule of Civil Procedure 202: Uses, Abuses, and Other Considerations*, 101 The Advoc. (Tex.) 30, 30 (2022) (discussing Rule 202's antecedents).

Because of its history, Rule 202 is a "unique discovery device . . . brought as a stand-alone proceeding before suit is filed, and may—but not always—prove to be ancillary to a later-filed suit." 47 Charles Herring Jr. & Lauren Ross, *Texas Practice: Discovery Practice* § 16:9 (2024) ("Herring & Ross"). "The unusual nature of Rule 202 proceedings has bred confusion, in a variety of contexts, concerning whether, and for what purposes, these proceedings should be treated as akin to a separate civil

claim or action, a mere component of a later filed or anticipated suit, or something else." *Id.*

**1. Rule 202's terms emphasize presuit discovery to support future filings.**

Rule 202 specifies who may request permission to take a presuit deposition and why, *see* Tex. R. Civ. P. 202.1, what the Rule 202 petition must include, *see* Tex. R. Civ. P. 202.2, who must be served and when, *see* Tex. R. Civ. P. 202.3, what a trial court must find to grant the petition—including the order's specific contents—*see* Tex. R. Civ. P. 202.4, and how to take a Rule 202 deposition, *see* Tex. R. Civ. P. 202.5. The supreme court has already defined "claim" and "suit" in the Rule 202 context. *See In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (orig. proceeding).[6] We have italicized below the terms "anticipated" and "potential" because—when used to modify "claim" and "suit"—they highlight Rule 202's focus on the future.

Rule of Civil Procedure 202.1 states,

> A person[7] may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either (a) to

---

[6]In the Rule 202 context, the supreme court has defined "claim" as "an *existing*—rather than future or speculative—right that may be presently asserted," and "suit" as "any proceeding by a party or parties against another in a court of law." *DePinho*, 505 S.W.3d at 624; *see infra* n.7 (regarding cases discussing "person" and "party").

[7]In supplemental briefing and during oral arguments, the parties argued about "party" as used in the TCPA and in Rule 202 case law versus Rule 202's textual use of "person" to argue for and against the TCPA's application to Rule 202 petitions. We need not address these arguments because due process requires treating as a party a potential defendant identified in a Rule 202 petition. *See In re Does*, 337 S.W.3d 862, 863–65 (Tex. 2011) (orig. proceeding); *In re Jorden*, 249 S.W.3d 416, 422–23 (Tex.

10

> perpetuate or obtain the person's own testimony or that of any other person for use in an *anticipated* suit; or (b) to investigate a *potential* claim or suit.

Tex. R. Civ. P. 202.1 (emphases added).

The Rule 202 petition, brought in the petitioner's name, must state either that the petitioner "*anticipates* the institution of a suit in which [he or she] may be a party" or "seeks to investigate a *potential* claim by or against petitioner." Tex. R. Civ. P. 202.2(c)–(d) (emphases added). Instead of stating a claim or cause of action, the petition must state "the subject matter of the *anticipated* action, if any, and the petitioner's interest therein." Tex. R. Civ. P. 202.2(e) (emphasis added).

Rule 202.3 requires service of the petition and notice of the petition's hearing at least 15 days before "on all persons the petitioner seeks to depose and, if suit is *anticipated*, on all persons petitioner expects to have interests adverse to petitioner's in the *anticipated* suit." Tex. R. Civ. P. 202.3(a) (emphases added). Rule 202.5 requires a petitioner to follow nonparty-discovery rules and offers certain protections from abuse, stating,

> Except as otherwise provided in this rule, depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in

---

2008) (orig. proceeding); *see also Arlington ISD v. Williams*, Nos. 02-23-00142-CV, 02-23-00155-CV, 2023 WL 8643040, at *4 (Tex. App.—Fort Worth Dec. 14, 2023, no pet.) (mem. op.) (observing that "a Rule 202 order allowing or denying presuit discovery from a *party* who is a potential or anticipated defendant is an interlocutory order" (emphasis added)); *City of San Francisco v. Exxon Mobil Corp.*, No. 02-18-00106-CV, 2020 WL 3969558, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (referring to "Parties to the Rule 202 petition" to describe Rule 202 petitioners and their challengers).

11

> a pending suit. The scope of discovery in depositions authorized by this rule is the same as if the *anticipated* suit or *potential* claim had been filed. A court may restrict or prohibit the use of a deposition taken under this rule in a subsequent suit to protect a person who was not served with notice of the deposition from any unfair prejudice or to prevent abuse of this rule.

Tex. R. Civ. P. 202.5 (emphases added); *see* Tex. R. Civ. P. 202.4(b) (requiring Rule 202 order to "contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure").

Under Rule 202, the trial court must make specific findings and may order the deposition "if, but only if," it finds that "(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an *anticipated* suit," or "(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a *potential* claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a) (emphases added).

Rule 202's future focus regarding potential claims and anticipated suits facilitates presuit investigation by taking depositions. *See generally* Tex. R. Civ. P. 202.1, .3–.5. Depositions are discovery tools "used to support an assertion of the right to a legal remedy." *Dow Jones & Co. v. Highland Cap. Mgmt., L.P.*, 564 S.W.3d 852, 858 (Tex. App.—Dallas 2018, pet. denied); *see Tetra Tech, Inc. v. NSAA Invs. Grp., LLC*, No. 02-15-00297-CV, 2016 WL 3364876, at *3 (Tex. App.—Fort Worth June 16, 2016, no pet.) (mem. op.) (explaining that "if someone 'has a legal claim, he may use discovery *to aid* him in pressing that claim.'" (quoting Chris Martiniak, The Lawyer's

Preparations § 7.01[B][4], *How to Take and Defend Depositions* (Aspen Publishers, Inc. 2007)).

As procedural tools, depositions are used to obtain testimony "to *support* a claim." *Tetra Tech*, 2016 WL 3364876, at \*4. They are not the type of relief to which a prevailing litigant would be entitled at a lawsuit's conclusion. *Id.* at \*5; *see Off. Emp. Int'l Union Loc. 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) (explaining, under former Rule 187, that "the taking of depositions is not an end within itself but is in aid of a suit which is anticipated").

**2. Rule 202 is a limited presuit-discovery device.**

Rule 202 is a detailed rule for particular circumstances, in contrast to the general rules that surround it and that address filings to commence, to respond to, or to otherwise participate in a lawsuit. *Cf.* Tex. R. Civ. P. 1 (requiring procedural rules generally to be liberally construed because their proper objective "is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law"). *Compare Williams*, 2023 WL 8643040, at \*3 (stating that Rule 202 provides "relaxed pleading requirements" in that it does not require a petitioner to plead a specific cause of action, to expressly state a viable claim, or to require that the person from whom a deposition is sought be a potentially liable defendant), *with* Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."), 45(a)–(c) (requiring pleadings to be "by petition and answer" and to state causes of action and defenses),

13

47 (requiring "a short statement of the cause of action sufficient to give fair notice of the claim involved," a statement of the relief sought, and a demand for judgment), 60 (intervention), 62–67 (amendments), 69 (supplements), 78–82 ("Pleadings of Plaintiff," which cover petitions and defensive matters), *and* 83–98 ("Pleadings of Defendant," which include answers, special exceptions, affirmative defenses, counter- and cross-claims, and Rule 91a dismissals).

Because it intrudes into otherwise private matters, presuit discovery is limited. *In re Acclarent, Inc.*, No. 02-24-00228-CV, 2024 WL 2873617, at *2 (Tex. App.—Fort Worth June 7, 2024, orig. proceeding) (mem. op.) (quoting *Does*, 337 S.W.3d at 865). Thus, Rule 202's use is to be carefully supervised and "is not to be taken lightly," *id.*, and the following principles and limitations apply:

- **A Rule 202 petition should not be routine.** *See id.*; *see also* Tex. R. Civ. P. 202.4(a); *Jorden*, 249 S.W.3d at 423. This is because there "are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *Acclarent*, 2024 WL 28733617, at *2 (quoting *Jorden*, 249 S.W.3d at 423).

- **The trial court must have subject-matter jurisdiction over a potential claim and personal jurisdiction over a potential defendant.** *DePinho*, 505 S.W.3d at 623 (stating that authorizing Rule 202 depositions for potential suits over which a trial court lacks jurisdiction "would untether pre-suit discovery from the suit it purports to be in aid of"); *Doe (Trooper)*, 444 S.W.3d at 608–09 ("To allow witnesses in a potential suit to be deposed more extensively than would be permitted if the suit were actually filed would circumvent the protections of Rule 120a."); *see also City of San Francisco*, 2020 WL 3969558, at *10 (discussing Rule 202 personal jurisdiction).

- **A Rule 202 petition must be filed in the appropriate venue.** The Rule 202 petition must be filed either where the anticipated suit may be filed or where the witness resides if no suit is yet anticipated. *See* Tex. R. Civ. P. 202.2(b)(1)–(2).

14

- **A petitioner cannot get by Rule 202 what he or she cannot get in the anticipated legal action.** Rule 202's scope of discovery is the same as if the anticipated suit or potential claim had been filed. 3 McDonald & Carlson Tex. Civ. Prac. § 13:23 (2d. ed. 2024) (citing Tex. R. Civ. P. 202.5). If discovery would be denied in a filed lawsuit, then it is not available under Rule 202. *See DePinho*, 505 S.W.3d at 625.

- **Filing suit moots a Rule 202 petition.** *See In re Overhead Garage Door, LLC*, No. 07-18-00015-CV, 2018 WL 934814, at *3 (Tex. App.—Amarillo Feb. 16, 2018, orig. proceeding) (mem. op.).

- **A Rule 202 order requires support beyond mere allegations.** *See* Tex. R. Civ. P. 202.4(a) (requiring findings); *Williams*, 2023 WL 8643040, at *11.

- **A Rule 202 order is ancillary and thus neither final nor appealable when the deposition is sought from someone who is anticipated to be a party.** *Jorden*, 249 S.W.3d at 419.

- **A Rule 202 order is final and appealable when the deposition is sought from someone against whom suit is *not* anticipated.** *Id.*

- **Rule 202 procedures are equitable.** *See* Tex. R. Civ. P. 202 cmt. 2 ("The bill of discovery procedure, which Rule 202 incorporates, is equitable in nature, and a court must not permit it to be used inequitably.").

- **A Rule 202 order is not an adjudication.** *See City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 341 (Tex. App.—Fort Worth 2005, no pet.).

We will explore these last two points more fully but must first consider the Legislature's 2019 TCPA changes as they relate to the TCPA's adjudicative purpose and its definition of "legal action"—specifically, its use of "equitable relief" in the catchall and in the Section 27.001(6)(A) exclusion.

15

**C. The TCPA is a pretrial adjudication-and-dismissal statute, but its scope is narrow and focused on SLAPPs.**

In construing the TCPA's provisions, we consider its purpose and design. The TCPA is an early-stage litigation device designed to dispose of meritless legal actions filed to impede the exercise of some First Amendment rights. *See Montelongo v. Abrea*, 622 S.W.3d 290, 299–300 (Tex. 2021); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.002, .005. "For each step, the [TCPA] provides specific procedures and deadlines for filing, responding to, hearing, ruling on, and appealing the dismissal motion." *Montelongo*, 622 S.W.3d at 296.

### 1. The TPCA's purposes are two-fold: quickly disposing of frivolous, SLAPP-based claims and protecting legitimate claims supported by evidence.

The Legislature has never amended the TCPA's purposes or guiding instructions or its expedited-appeal provision. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.002, .008, .011. The TCPA's purposes are "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law"—the anti-SLAPP provision—"and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. To effectuate these purposes, the TCPA "shall be construed liberally," but it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011; *cf. id.* § 74.002(a)

16

(stating, as to dismissal of healthcare-liability claims, "[i]n the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict").

### 2. A 2019 TCPA motion is like other merits-dispositive pretrial motions.

"As interpreted and applied, the TCPA is arguably the broadest anti-SLAPP law in the nation." Mark C. Walker, *Reputational Torts and the Texas Anti-SLAPP Law: The Essential Guide with Updates on the Texas Defamation Mitigation Act*, 99 The Advoc. (Tex.) 4, 5 (2022). Before the 2019 amendments,[8] the TCPA's broad language overwhelmed the courts. *See Bibby v. Bibby*, 634 S.W.3d 401, 406 (Tex. App.—Houston [1st Dist.] 2021, no pet.). The TCPA gained "momentum and traction almost every year after its passage," with the number of appellate TCPA cases growing from four in 2012 to 177 in 2020. Walker, 99 The Advoc. (Tex.) at 5; *see Borgelt v. Austin Firefighters Ass'n, IAFF Local 975*, 692 S.W.3d 288, 311 (Tex. 2024) (recognizing the state's "voluminous TCPA jurisprudence").

The pre-2019 TCPA closed the courthouse doors to litigants with valid claims through the application, in unanticipated cases, of its broad definitions. *Bibby*, 634 S.W.3d at 406; *see Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 574 (Tex. App.—

---

[8]*Compare* 2011 Act, *with* Act of May 22, 2013, 83rd Leg., R.S., Ch. 1042, §§ 1–5, 2013 Tex. Gen. Laws 2501, 2501–02 ("2013 Act"); Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9; Act of May 27, 2021, 87th Leg., R.S., ch. 915, § 3.001, 2021 Tex. Sess. Law Serv. Ch. 915; *and* Act of May 19, 2023, 88th Leg., R.S., ch. 804, § 1, 2023 Tex. Sess. Law Serv. Ch. 804.

Fort Worth 2019, pet. denied) ("[T]he Texas Supreme Court has made it clear that no special rules of interpretation apply to rein in the [TCPA] out of concern that its words over-remedy the evil it addresses."). The Legislature thus amended the TCPA to narrow it and to make it more like other merits-dispositive pretrial motions. *See* Laura Lee Prather & Robert T. Sherwin, *The Changing Landscape of the Texas Citizens Participation Act*, 52 Tex. Tech L. Rev. 163, 169–70 (2020) (explaining that the Legislature amended the TCPA to prevent gamesmanship like TCPA motions filed in response to "various purely procedural matters").

### a. The Legislature amended Section 27.003 to add deadlines like other dispositive pretrial motions.

In 2011, Section 27.003 described the basis for a TCPA motion to dismiss and its effect on discovery. 2011 Act at 962. In 2019, the Legislature added the following italicized language, incorporating additional deadlines that are similar to other dispositive pretrial motions and narrowing the statute's reach:

> (a) If a legal action is based on, ~~relates to,~~[9] or is in response to a party's exercise of the right of free speech, right to petition, or right of association *or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b)*,[10] that party may file a

---

[9]The Legislature amended Section 27.003 to remove "relates to," which in practice had expanded the TCPA beyond its anticipated reach. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 136 (Tex. 2019) (discussing TCPA's application to private communications "related to" matters of public concern).

[10]Section 27.010(b) provides that the TCPA applies to legal actions brought against a person for acts that include, among other things, "journalistic[] or other artistic work" and consumer reviews. Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b).

18

motion to dismiss the legal action. *A party under this section does not include a government entity, agency, or an official or employee acting in an official capacity.*

(b) A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. *The parties, upon mutual agreement, may extend the time to file a motion under this section or* the court may extend the time to file a motion under this section on a showing of good cause.

(c) Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.

*(d) The moving party shall provide written notice of the date and time of the hearing under Section 27.004 not later than 21 days before the date of the hearing unless otherwise provided by agreement of the parties or an order of the court.*

*(e) A party responding to the motion to dismiss shall file the response, if any, not later than seven days before the date of the hearing on the motion to dismiss unless otherwise provided by an agreement of the parties or an order of the court.*

Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

The 21-day-notice deadline in Section 27.003(d) matches that in Rule of Civil Procedure 91a.3(b), which can be used to dismiss baseless causes of action, and in Rule of Civil Procedure 166a(c), which can be used to dispose of a claim, counterclaim, crossclaim, or declaratory judgment through a summary judgment. *See* Tex. R. Civ. P. 91a.3(b), 166a(c).

The seven-day response is also the same in Rule 91a and Rule 166a proceedings. *See* Tex. R. Civ. P. 91a.4, 166a(c); *Garcia v. Semler*, 663 S.W.3d 270, 276–77 (Tex. App.—Dallas 2022, no pet.) (stating that the TCPA provides the same disposal framework as Rule 166a and noting that the Legislature "conformed TCPA [notice-and-response] procedure to summary-judgment procedure when it amended

19

[Section] 27.003 in 2019"); *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 186 (Tex. App.—Austin 2020, no pet.) ("[W]hen invoked, the TCPA provides procedures and remedies allowing for summary dismissal of cases—of all types—before a full adjudication of the merits takes place . . . , similar to that of a summary-judgment proceeding."). And a TCPA motion, like a Rule 91a motion, must be filed early in the lawsuit—within 60 days of service of the pleading containing the challenged cause of action. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b), *with* Tex. R. Civ. P. 91a.3.

### b. The Legislature amended Section 27.005 to delete "preponderance" and to add "judgment as a matter of law."

In 2019, the Legislature amended Section 27.005 by deleting the preponderance-of-the-evidence language in Subsections (b) and (d) and adding the availability of judgment as a matter of law for affirmative defenses in Subsection (d), clarifying the statute's dual purpose of early SLAPP identification and disposal through pretrial adjudication and protection of meritorious claims supported by evidence:

> (a) The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion.
>
> (b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party *demonstrates* ~~shows by a preponderance of the evidence~~ that the legal action is based on~~, relates to,~~ or is in response to*:*
>
> > *(1)* the party's exercise of:

*(A)* the right of free speech;

*(B)* the right to petition; or

*(C)* the right of association; *or*

*(2) the act of a party described by Section 27.010(b).*

(c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.[11]

(d) Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes *an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law* by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b).

Subsection (d) reflects the same standard that a defendant would have to meet to be entitled to summary judgment on an affirmative defense. *See* Tex. R. Civ. P. 166a(b), (c); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010).

### c. The Legislature amended Section 27.006 to add summary-judgment evidence.

In 2011, Section 27.006, formerly entitled "Evidence," required the trial court to consider "the pleadings and supporting and opposing affidavits stating the facts on

---

[11]The TCPA is not the only Civil Practice and Remedies Code chapter available for early dismissal of claims deemed frivolous based on a failure to timely provide substantive-claim support. *See, e.g.,* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(13), .351(b)(2) (dismissal of healthcare-liability claims for failure to timely file expert report), § 128.053(b)(2) (dismissal of sport-shooting-range claim for failure to timely serve expert report), § 150.002(e) (dismissal of suit against licensed or registered professionals for failure to timely file certificate of merit); *see also* Tex. R. Civ. P. 91a.1 (pretrial dismissal of cause of action with "no basis in law or fact").

which the liability or defense is based" in determining whether to dismiss a legal action. 2011 Act at 962. It further provided that "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.*

As amended in 2019, Section 27.006, now entitled "Proof," retains the same limited-discovery provision and requires the trial court to consider the same pleadings and affidavits as before regarding liabilities or defenses, but it also adds "evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure" to what a trial court "shall consider." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a)–(b).[12]

### d. The Legislature amended Section 27.007's sanctions findings and added Section 27.0075 to clarify a TCPA ruling's effect on the rest of the case.

In 2011, Section 27.007, "Additional Findings," stated that at the movant's request, the trial court "shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and [was] brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation." 2011 Act at 962. The Legislature amended this in 2019 to state, "*If* the court awards sanctions under Section 27.009(b), the court

---

[12]In contrast, the trial court must decide a Rule 91a motion "based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Compare* Tex. R. Civ. P. 91a.6, *with* Tex. Civ. Prac. & Rem. Code Ann. § 27.006.

shall issue" those findings. Tex. Civ. Prac. & Rem. Code Ann. § 27.007 (emphasis added).

In 2019, the Legislature also added Section 27.0075, "Effect of Ruling," which states, "Neither the court's ruling on the motion nor the fact that it made such a ruling shall be admissible in evidence at any later stage of the case, and no burden of proof or degree of proof otherwise applicable shall be affected by the ruling." *Id.* § 27.0075. That is, if a legal action is not a SLAPP, the trial court's ruling on the TCPA motion will have no further bearing on that legal action. *See id.* § 27.002 (stating that one of the TCPA's dual purposes is to "protect the rights of a person to file meritorious lawsuits for demonstrable injury").

### e. The Legislature amended Section 27.009, the TCPA's costs-and-sanctions provision, to make sanctions discretionary.

Sanctions are incorporated into the TCPA's framework because dismissal alone might not suffice to deter a SLAPP suit. *See Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 70 (Tex. App.—Houston [14th Dist.] 2018) (explaining that dismissal alone is insufficient to deter meritless TCPA-applicable lawsuits because the party whose protected conduct is the claim's subject must bear the cost of vindicating those rights in court), *aff'd in part, rev'd in part on other grounds*, 631 S.W.3d 40 (Tex. 2021).

In 2019, the Legislature made the sanctions award discretionary, deleted Section 27.009's "other expenses" and "justice and equity" provisions, and addressed the dismissal of frivolous compulsory counterclaims:

23

(a) *Except as provided by Subsection (c),* if the court orders dismissal of a legal action under this chapter, the court ~~shall award to the moving party~~:

> (1) shall award to the moving party court costs *and* reasonable attorney's fees ~~and other expenses~~ incurred in defending against the legal action ~~as justice and equity may require~~; and

> (2) *may* award *to the moving party* sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

*(c) If the court orders dismissal of a compulsory counterclaim under this chapter, the court may award to the moving party reasonable attorney's fees incurred in defending against the counterclaim if the court finds that the counterclaim is frivolous or solely intended for delay.*

*Id.* § 27.009. Like the TCPA, Rule 91a.7 gives the trial court discretion to award to a prevailing party its incurred costs and reasonable attorney's fees. *See* Tex. R. Civ. P. 91a.7. Both share the underlying goal of halting litigation costs for frivolous claims early in the adjudication process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.007(a); Tex. R. Civ. P. 91a.7; *Moody v. Herz, Tr. of Three R Trs.*, 672 S.W.3d 842, 849 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

### 3. The Legislature has continued to add exemptions to narrow the TCPA's scope.

Section 27.010 set out only three exemptions from the TCPA in 2011: some government-enforcement actions; some commercial sale-and-lease transactions; and personal-injury, wrongful-death, and survival actions. 2011 Act at 963; *see Serafine v.*

24

*Blunt*, 466 S.W.3d 352, 371 (Tex. App.—Austin 2015, no pet.) (Pemberton, J., concurring op. on reh'g) ("[I]t speaks volumes about the range of 'legal actions' subject to dismissal under the [TCPA] . . . that the TCPA's drafters perceived a need to explicitly carve out money-damages suits arising from car wrecks, slip-and-falls, and the like.").

Then, in 2013, the Legislature exempted some insurance-related transactions. 2013 Act § 3, at 2501 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(4)). And in 2019, the Legislature exempted eight more "legal action" types—trade secrets, covenants not to compete, and non-disparagement agreements; family-law cases; some Deceptive Trade Practices Act and Health and Safety Code cases; evictions; disciplinary cases; whistleblower actions; and common-law-fraud cases—and clarified that the TCPA applies to some qualifying legal actions brought against a family-or-dating-violence victim. Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(5)–(12), (c). Finally, in 2023, the Legislature exempted legal-malpractice claims. *Id.* § 27.010(a)(13). Thus, even when a claim otherwise fits in the "legal action" definition, the TCPA might not apply, and the Legislature has continued to shrink the TCPA's scope.

### 4. The Legislature has narrowed the 2011 TCPA's "legal action" definition.

In 2019, the Legislature constricted the 2011 "legal action" definition, although it left "petition" in the definition. *See id.* § 27.001(6).

25

### a. The supreme court has defined "petition" under the TCPA.

Appellants refer us to the following appellate-court decisions' reliance on "petition" in both the "legal action" definition and in Rule 202 to support their argument that the TCPA can be used to dismiss a Rule 202 petition. Because the supreme court has already defined "petition" under the TCPA, we will briefly introduce these cases to provide context for our TCPA discussion below:

- *In re Elliott*, **504 S.W.3d 455 (Tex. App.—Austin 2016, orig. proceeding).** The *Elliott* majority decided that under the 2011 TCPA, a Rule 202 petition is a "petition" for TCPA purposes. *Id.* at 463–64; *cf. id.* at 474–76 (Pemberton, J., concurring).

- *DeAngelis v. Protective Parents Coalition*, **556 S.W.3d 836 (Tex. App.—Fort Worth 2018, no pet.).** *DeAngelis* relied on the *Elliott* majority and a federal district court opinion. *Id.* at 848–49 & nn.6–7 (referencing *Elliott*, 504 S.W.3d at 465, and *In re Texas*, 110 F. Supp. 2d 514, 521–22 (E.D. Tex. 2000), *rev'd sub nom Texas v. Real Parties In Interest*, 259 F.3d 387 (5th Cir. 2001)).

- *Breakaway Practice, LLC v. Lowther*, **No. 05-18-00229-CV, 2018 WL 6695544 (Tex. App.—Dallas Dec. 20, 2018, pet. denied) (mem. op.).** In *Breakaway Practice*, the court assumed—but did not decide—that the TCPA applied to Rule 202 petitions, *id.* at *2 n.2, the same course of action it took in *Glassdoor*, addressed below. *See Glassdoor, Inc. v. Andra Grp., LP*, 560 S.W.3d 281, 284, 294 (Tex. App.—Dallas 2017), *judgm't vacated, cause dism'd*, 575 S.W.3d 523 (Tex. 2019).

- *In re Krause Landscape Contractors*, **595 S.W.3d 831 (Tex. App.—Amarillo 2020, no pet.).** In *Krause Landscape*, the court followed the *Elliott* majority and *DeAngelis* but noted both that it had not been asked to construe "legal action" under the amended TCPA and that the appellants had pointed out that the Legislature had amended the TCPA "in a manner that appears to exclude" Rule 202 petitions from the "legal action" definition. *Id.* at 836.

- *Florez v. Olibas*, **657 S.W.3d 31 (Tex. App.—El Paso 2022, pet. denied).** In *Florez*, the majority agreed with the *Elliott* majority and *DeAngelis* in interpreting the pre-2019 TCPA. *Id.* at 35 & nn.1–2, 39; *cf. id.* at 43 (Palafox, J., dissenting) (stating

that she would conclude that Rule 202 petitions are not TCPA "legal actions" and "would adopt the analysis of *Houston Tennis Ass'n, Inc. v. Thibodeaux*, 602 S.W.3d 712, 719 (Tex. App.—Houston [14th Dist.] 2020, no pet.)"). Chief Justice Alley cautioned that *Elliott* and *DeAngelis* were decided under the 2011 TCPA and warned that the *Florez* decision did not suggest how the court would rule under the 2019 TCPA. *Id.* at 43 (Alley, C.J., concurring).

- *Texas Equal Access Fund v. Maxwell*, **No. 02-22-00347-CV, 2024 WL 853320 (Tex. App.—Fort Worth February 29, 2024, pet. filed) (mem. op.).** In *Maxwell*, a three-justice panel of this court acknowledged the Rule 202–TCPA split. *Id.* at *17 n.9.

Appellants recognize that, in contrast to the above cases, both Houston courts have concluded that the TCPA cannot be used to dismiss a Rule 202 petition. *See Caress v. Fortier*, 576 S.W.3d 778, 781 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (stating that a Rule 202 petition "is not a legal claim on the merits" and referencing *Paulsen v. Yarrell*, 537 S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (op. on reh'g)); *Hughes v. Giammanco*, 579 S.W.3d 672, 680–85 (Tex. App.—Houston [1st Dist.] 2019) (following *Caress*, referencing *Paulsen*, and relying on the *Elliott* concurrence), *judgm't set aside, op. not vacated*, No. 01-18-00771-CV, 2019 WL 3331124 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (per curiam) (mem. op.); *Thibodeaux*, 602 S.W.3d at 714 & n.2, 717–19 (agreeing with the *Giammanco* and *Caress* reasoning).

In May 2019, when the Legislature amended the TCPA, it had before it the split between *Elliott* and *DeAngelis* on one side and *Caress* on the other, as well as *Glassdoor*, which was argued in the supreme court in September 2018, but which was not resolved in the court's January 2019 opinion. *See Glassdoor*, 575 S.W.3d at

525 (stating that the Rule 202 proceeding was rendered moot by the potential claims' becoming time-barred); *see also* Mark C. Walker, *The Essential Guide to the Texas Anti-SLAPP Law, the Texas Defamation Mitigation Act, and Rule 91a*, 91 The Advoc. (Tex.) 280, 295 & nn.105–06 (2020) (noting that in 2019, the Legislature was "well aware of the cases holding that [TCPA] 'legal action' included Rule 202 proceedings").

But while we must presume the Legislature's awareness of the split, *see Grapevine Excavation*, 35 S.W.3d at 5, two years later, the supreme court defined "petition" under the pre-2019 TCPA. *See Montelongo*, 622 S.W.3d at 298.

In *Montelongo*, the supreme court acknowledged that "[g]enerally, a petition is a 'formal written request presented to a court,'" but that "in Texas parlance, the term is used 'in a generic sense to embrace all the pleadings of the plaintiff in the course of the case.'" *Id.* at 298 & n.11 (citing Black's Law Dictionary for the first definition and 58 Tex. Jur. 3d Pleading § 110 (2021) for the second). Based on *Montelongo*, a "petition" for purposes of a TCPA "legal action" is "all the pleadings of the plaintiff in the course of the case." *See id.* at 298; *see also Giammanco*, 579 S.W.3d at 681 (concluding that the Legislature must have meant the narrower, more technical use of "petition"—a plaintiff's pleadings—because construing it more generically "would render the Legislature's inclusion of the other procedural devices enumerated in the definition of 'legal action' meaningless because those devices are also formal written requests presented to a court and, thus, would be 'petitions' in the broader sense").

28

Because a Rule 202 petition is filed before a lawsuit is initiated through pleadings and is therefore not filed "in the course of the case," *see Montelongo*, 622 S.W.3d at 298, Rule 202's use of "petition" does not—by itself—turn a Rule 202 petition into a TCPA "legal action." *Compare* Tex. R. Civ. P. 78 (defining "[t]he pleading of plaintiff"), *with* Tex. R. Civ. P. 202.2(b), (f) (describing Rule 202 petition's requirements). So we next delve into whether a Rule 202 petition falls under the "legal action" catchall or the Section 27.001(6)(A) exclusion.

### b. A Rule 202 petition does not fall under either the "legal action" catchall or the Section 27.001(6)(A) exclusion.

The "legal action" definition under the 2011 TCPA led to considerable litigation because, as the supreme court noted, "It would be difficult to write a more capacious definition, and even more so to conceive one for an undefined term." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 12 (Tex. 2018).

Under the 2011 TCPA, litigants pounced on the broad definition of "legal action" and other terms by "test[ing] novel interpretations of the statute in ways that led to a significant abuse of the judicial process," and by employing the TCPA "in response to a litany of procedural motions, unnecessarily tying cases up in the courts, overburdening the judicial system, and turning the purpose of the statute on its head." Prather & Sherwin, 52 Tex. Tech L. Rev. at 169. In response, in 2019, the Legislature "took steps . . . to attempt to narrow" the TCPA's scope and to "reduce the number of TCPA motions and appeals heard." Walker, 99 The Advoc. (Tex.) at 7. One step

29

was to narrow the TCPA's definitions. Prather & Sherwin, 52 Tex. Tech L. Rev. at 169.

Under the 2019 TCPA, a "legal action" includes only the following:

- **a lawsuit**: a civil suit "commenced by a petition filed in the office of the clerk." Tex. R. Civ. P. 22; *see Lawsuit*, Black's Law Dictionary (12th ed. 2024) ("A legal case brought before a court for adjudication.").

- **a cause of action**: "a fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *Jorden*, 249 S.W.3d at 421 & n.19. "Cause of action" is not synonymous with "action" but rather with the right to relief that entitles a person to maintain an "action." *Jaster*, 438 S.W.3d at 564. "[A] party asserts a claim or cause of action 'in' a pleading that is filed 'in' a lawsuit or 'action.'" *Id.* at 567.

- **a petition**: "all the pleadings of the plaintiff in the course of the case." *Montelongo*, 622 S.W.3d at 298.

- **a complaint**: the federal-court equivalent of a "petition." *Jaster*, 438 S.W.3d at 569 n.17.

- **a cross-claim**: "any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein." Tex. R. Civ. P. 97(e).

- **a counterclaim**: "a subsidiary action," *Creative Oil & Gas, LLC*, 591 S.W.3d at 131 & n.3 (citing then-Section 27.001(6)), which may or may not arise out of the same transaction or occurrence as an opposing party's claim. *See* Tex. R. Civ. P. 97.

- **"any other judicial pleading or filing that requests legal, declaratory, or equitable relief."** Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

As discussed, this last item is the definition's catchall. *Id.* The parties do not argue that a Rule 202 petition is a lawsuit, a cause of action, a complaint, a cross-claim, or a counterclaim, and we have held above that a Rule 202 petition is not a

30

TCPA "petition." Thus, for a Rule 202 petition to fit within the "legal action" definition, it must fall within the "any other" catchall.

Further, under the 2019 TCPA, Section 27.001(6)(A) excludes from the "legal action" definition "a procedural *action* taken or motion made in an *action* that does not amend or add a claim for legal, equitable, or declaratory relief." *Id.* § 27.001(6)(A) (emphases added). Accordingly, if Rule 202 petitions fall within the catchall but also within the Section 27.001(6)(A) exclusion, then the TCPA will not apply.

As we construe Section 27.001(6)(A)'s double use of "action," we will keep in mind the Legislature's attempts to narrow the TCPA's scope. *See J.S.*, 670 S.W.3d at 597 (discussing statutory history); *see also In re City of Georgetown*, 53 S.W.3d 328, 336 (Tex. 2001) (orig. proceeding) (explaining that the Legislature may repeat itself out of an abundance of caution or for some other reason).

### (1) "Action" in Section 27.001(6)(A) has two meanings.

In the Section 27.001(6)(A) exclusion, the Legislature identified "a procedural action" and a "motion made in an action." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A). As discussed below, the first use of "action" does not reflect the word's common meaning as identified by the supreme court; "action" as used in the latter phrase does. *See Jaster*, 438 S.W.3d at 566.

The supreme court reviewed the common meaning of "action" in *Jaster*, in the context of Chapter 150's expert-report requirement. *Id.* at 558, 563–64. After considering the entire statute, the court concluded that the word's common meaning

31

referred "to an entire lawsuit or cause or proceeding," noting that it had used "case," "cause," "suit," "lawsuit," and "proceeding" interchangeably with "action," while using "claim," "cause of action," and "chose in action" to refer to the facts giving rise to a right that is enforceable in such a proceeding. *Id.* at 563, 565–66; *see* 1A Tex. Jur. 3d *Actions* § 3 (defining "action" in reference to pursuing adjudication of contested issues). Under *Jaster*, an adjudication of claims for relief is the point of bringing an "action." *See* 438 S.W.3d at 565–67. But the Section 27.001(6)(A) exclusion's final portion provides that neither the first "action" nor a motion in the second "action" may "amend or add a claim for legal, equitable, or declaratory relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A).

The first "action" in Section 27.001(6)(A) is also modified by "procedural," yielding a further conundrum. Black's Law Dictionary defines "procedural" as "[o]f, relating to, or involving the manner for carrying out the protocols relating to some established course of action, such as the rules of litigation" and states, "Procedural rules provide the methods of enforcing and protecting whatever rights and duties are created by substantive laws." *Procedural*, Black's Law Dictionary (12th ed. 2024). Lawsuits, causes of action, petitions, complaints, crossclaims, counterclaims, and other pleadings or filings requesting legal, declaratory, or equitable relief are all "procedural" in that they follow the Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 1 (explaining that the rules' objective "is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants"). Most of the TCPA's "legal action"

32

items are either "actions" under *Jaster* or are necessary in order to bring an "action" under *Jaster*. *See* 438 S.W.3d at 565–66. Thus, to avoid rendering the statutory scheme meaningless, the "procedural action" excluded in Section 27.001(6)(A) must mean something different. *See Whole Woman's Health*, 642 S.W.3d at 581. That is, substituting "lawsuit" for "action" here—a procedural lawsuit that does not add a claim for relief—would be nonsense because lawsuits exist to bring claims for relief. *See Jaster*, 438 S.W.3d at 566. Section 27.001(6)(A)'s first usage of "action," if defined as in *Jaster*, would conflict with the "legal action" framework from which the Legislature sought to exclude the "procedural action taken."

But Section 27.001(6)(A)'s second usage, referring to a "motion made in *an* action," *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A) (emphasis added), *is* consistent with *Jaster* and the TCPA's "legal action" framework. *See Montelongo*, 622 S.W.3d at 298 (construing Section 27.003(b)'s requirement that a "motion to dismiss *a* legal action . . . must be filed not later than the 60th day after the date of service of *the* legal action." (first emphasis added)). This is a usage familiar to civil litigants, who frequently file in existing lawsuits motions that neither amend nor add claims, like summary-judgment motions or motions to compel. *See* 3 McDonald & Carlson Tex. Civ. Prac. § 17:8 (2d. ed. 2024) ("A motion is an application to the court for an order granting relief that is not embraced within the prayer of a pleading."); *see also id.* § 19.2 ("Pretrial motions can be made on an almost limitless array of

subjects."). We conclude that the Legislature intended two different uses of "action" in Section 27.001(6)(A).

Our conclusion is buttressed by the definitions of "action" and its synonyms set out in the general-use dictionary. Merriam-Webster defines "action" both as "the initiating of a proceeding in a court of justice by which one demands or enforces one's right" and as "a thing done: DEED." https://www.merriam-webster.com/dictionary/action (last visited Feb. 10, 2025). It lists, among others, the following synonyms for the second type of "action": "act," "step," and "activity." *Id.*

Interpreting the Legislature's first use of "action" as "step," *see id.*, and its second use of "action" to mean a courtroom proceeding supported by pleadings, *see Jaster*, 438 S.W.3d at 565–66, we read Section 27.001(6)(A) to state that the TCPA does not apply to a procedural step taken (or to a motion made in an action) "that does not amend or add a claim for legal, equitable, or declaratory relief." *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) ("[W]e must make logical inferences when necessary 'to effect clear legislative intent or avoid an absurd or nonsensical result that the Legislature could not have intended.'" (quoting *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 338 (Tex. 2017))).

We next examine "relief" as used in the "any other" catchall and in Section 27.001(6)(A).

### (2) "Relief" presents a split in authority.

Courts of appeals are split on what "relief" includes. This divide is based on how "legal" and "equitable" should be construed.

### (a) *Elliott* initiated the "relief" split.

In *Elliott*, MagneGas sought to take a Rule 202 presuit deposition of Chris Elliott to investigate potential claims related to an anonymous author's article about MagneGas. 504 S.W.3d at 457. Elliott argued that the trial court's Rule 202 order violated the TCPA because an interested party, John Doe 1, had filed a TCPA motion to dismiss MagneGas's Rule 202 petition. *Id.* If the TCPA applied despite the lack of an existing lawsuit, then all discovery—including Elliott's Rule 202 presuit deposition—should have been stayed. *Id.* at 459, 461.

The *Elliott* majority decided that the Rule 202 petition was covered by the TCPA[13] because it fell under the catchall as a judicial pleading or filing requesting "legal or equitable relief." *Id.* at 464. To reach this conclusion, the majority relied on, among other things,

- the TCPA's liberal-construction provision, *id.* at 466 (referencing then-Section 27.011(b));

- Rule 202's equitable origins under former Rules 187 and 737, *id.* at 464–65 & n.7; and

---

[13]The *Elliott* majority also held that a Rule 202 petition is a "petition" for TCPA purposes, a conclusion that we reject. *See* 504 S.W.3d at 463–64 (discussing "petition").

- Black's Law Dictionary's definition of "relief" as "redress or benefit, esp. equitable in nature (such as an injunction or specific performance) that a party asks of a court"—and its definition of "benefit"—"[a]dvantage; privilege." *Id.* at 465 (quoting Black's Law Dictionary (9th ed. 2009)).

The majority thus concluded that "[a] trial court's grant of a Rule 202 petition ordering a person to be deposed before a suit is filed provides a party with a benefit that it would not otherwise be entitled to receive." *Id.* at 465. *But see Harper*, 562 S.W.3d at 9 (defining 2011 TCPA "relief" as another word for "remedy").[14]

Justice Pemberton concurred but stated that the majority's depiction of Rule 202's origins provided "little regarding the meaning and sense in which the Legislature used . . . 'equitable relief' *in the TCPA's 'legal action' definition*," and he provided a different view of Rule 202's history:

> [T]he Court's notion that "equitable relief" within the definition refers to any "judicial pleading or filing" having equitable origins or components should give some pause. A Rule 202 petition seeking to investigate potential claims is hardly the only Texas "judicial pleading or filing" that would "request . . . equitable relief" in this sense. Moreover, as the Court seems to acknowledge, the bill of discovery originated as a means of obtaining through equity *any* discovery from parties *to a pending suit* in the era before modern discovery as a matter of right was made available. To this extent, the equitable bill of discovery could be considered a

---

[14]Black's Law Dictionary's most recent edition replaces "benefit" with "remedy" in its "relief" definition: "The redress or remedy, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court. – Also termed *remedy*." *Relief*, Black's Law Dictionary (12th ed. 2024). Obtaining traditional legal or equitable remedies usually requires a successful lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (providing that a judgment creditor is entitled to judicial aid "through injunction or other means" to obtain a judgment's satisfaction); Tex. R. Civ. P. 301 (stating that a judgment "shall be so framed as to give the party all the relief to which he may be entitled either in law or equity").

historical antecedent not only to the Rule 202 pre-suit deposition to investigate claims, but also most if not all of the panoply of other discovery devices that the Rules of Civil Procedure now make available. And while granting there are distinctions in timing and procedure, I question the extent to which the substantive nature of the relief awarded in a Rule 202 proceeding—at bottom, a court-ordered deposition of a nonparty—is materially different from a court order or even a subpoena compelling a deposition or other discovery from nonparties that is sought under other rules.

*Elliott*, 504 S.W.3d at 475, 476–77 (Pemberton, J., concurring) (internal footnotes omitted).

Justice Pemberton opined that the catchall's use of "legal or equitable relief" denoted the traditional law–equity distinction of money damages as "legal" and injunctions and specific performance as "equitable," and functioned to "safeguard against creative repleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms." *Id.* at 477–78 (Pemberton, J., concurring). He identified other TCPA provisions that clarified this intent by using "the nomenclature of substantive causes of action or theories of recovery"—identifying then-Section 27.005's use of "essential element" and "defenses" and then-Section 27.006(a)'s language referencing supporting and opposing affidavits to support liability and defense. *Id.* at 478–79 (Pemberton, J., concurring). He also pointed out that opposing a Rule 202 petition usually took the form of "asserting objections or grounds for protection under the civil discovery rules" because a Rule 202 petition "does not seek to impose 'liability' or interpose a 'defense'" but rather "seeks a deposition to *investigate* potential liability

or defenses or preserve *evidence* that may be relevant to liability or a defense." *Id.* (Pemberton, J., concurring).

*Elliott*'s internal "relief" split mirrors our intracourt *DeAngelis–Cole* split, as discussed next: *DeAngelis*, construing the 2011 TCPA, defines "relief" broadly, like the *Elliott* majority, while *Cole*, construing the 2019 TCPA, defines "relief" narrowly, in the traditional law–equity sense, like Justice Pemberton's concurrence.

### (b) The en banc court must resolve the *DeAngelis–Cole* split.

Because both *DeAngelis* and *Cole* were decided by three-justice panels of this court, if they are incompatible, the en banc court must overrule one. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022) (explaining that three-justice panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority—an en banc decision or an applicable legislative provision—has superseded that prior decision). We begin with *Cole* because it construes the applicable TCPA version.

### (c) *Cole* defines "relief" narrowly.

In *Cole*, this court addressed "relief" when an appellant tried to shoehorn a motion to require security for costs into the 2019 TCPA's catchall. *See* 2022 WL 1259043, at *2. After examining "relief" by looking first to a similar but more recent Black's Law Dictionary definition—which referenced "remedy," defined as "[t]he means of enforcing a right or preventing or redressing a wrong"—the court

38

observed that the catchall had "dubious applicability" to the motion. *Id.* at *3 (quoting Black's Law Dictionary (11th ed. 2019)). The court noted that "in the legal sense, 'relief' operates to vindicate a wrong or injustice that has occurred and [to] change the relationship between the parties." *Id.* (citing *Dow Jones*, 564 S.W.3d at 857).

The court also considered how the Legislature had modified "relief" in the 2019 TCPA with the words "legal," "declaratory," and "equitable." *Id.* Because a court grants "declaratory" relief under the specific statutory authority in Civil Practice and Remedies Code Chapter 37 and because the qualifiers "legal" and "equitable" implicate "the traditional law–equity distinction," the court observed that legal relief takes the form of monetary damages, while equitable relief "is generally granted through injunctions, specific performance, or other similar remedies recognized in the law." *Id.*

The court concluded that the motion to require security for costs was not a TCPA "legal action" for three reasons: it neither sought relief for a wrong or injustice nor changed the parties' relationship; it did not seek declaratory relief under Chapter 37; and the posting of security for costs implicated neither legal nor equitable relief but rather "simply ask[ed] that a party be required to provide security for costs that may, at the trial court's discretion, be taxed against that party at the conclusion of a lawsuit." *Id.* at *3–4.

Under *Cole*, a Rule 202 petition would logically not be a TCPA "legal action" because it too does not request relief for a wrong or injustice or change the parties'

39

relationship, does not request declaratory relief under Chapter 37, does not request monetary damages, and does not expressly request an equitable remedy in the form of an injunction or specific performance. *See id.*

**(d)** ***DeAngelis* defines "relief" broadly.**

In contrast to *Cole*, in determining that a Rule 202 petition requested equitable relief as a TCPA "legal action," the earlier *DeAngelis* panel relied on the *Elliott* majority and *In re Texas*, in addition to referencing Black's Law Dictionary's definitions of "relief" and "action in equity." 556 S.W.3d at 848–49 & nn.6–7.

In *In re Texas*, a federal district court concluded that a Rule 202 petition to investigate potential claims related to a federal settlement agreement was a removable civil action because it

> possesses all the elements of a judicial proceeding: there is a controversy between parties; there are pleadings (the State's petition); relief is sought (the State has prayed for a court order authorizing the taking of depositions); and a judicial determination is required—specifically, whether authorizing depositions may prevent injustice or, on balance, will not be unduly burdensome. Finally, both parties will be required to adhere to the state court's orders.

110 F. Supp. 2d at 521–22. *But see* Tex. R. Civ. P. 202.2(e) (requiring Rule 202 petitioner to "state the *subject matter* of the *anticipated* action, if any" (emphases added)); *Montelongo*, 622 S.W.3d at 298 (defining "petition" as "all the pleadings of the plaintiff in the course of the case"); *Tetra Tech*, 2016 WL 3364876, at *5 (explaining that a deposition is not the type of relief to which a prevailing litigant would be entitled at a lawsuit's conclusion).

40

The Fifth Circuit reversed *In re Texas* with instructions to remand to the state court because the Rule 202 proceeding was "only an investigatory tool," explaining,

> The [Rule 202] investigation could lead to no further action, or it could result in a cause of action not contemplated or covered by the settlement agreement; or, indeed, it may lead to the institution of a cause of action for which the invocation of, at least, the injunctive powers of the All Writs Act would be timely and appropriate. In any event, the federal courts cannot preclude the State of Texas from *investigating* potential claims in the milieu of the Texas courts—pursuant to Texas law—unless and until such investigation poses an actual threat to the settlement agreement.

259 F.3d at 394–95 (internal footnotes omitted); *see* Herring & Ross, *supra* § 16:9 & n.1 (explaining that other Texas federal district courts have concluded that a Rule 202 proceeding to investigate a potential claim is not a "civil action" for removal because it asserts no "claim or cause of action upon which relief can be granted," is not an "original action" but rather is ancillary to an anticipated suit, and is a state-court discovery request that provides no basis for federal jurisdiction).[15]

### (e) Black's Law Dictionary's equity discussion supports *Cole*'s position.

The *DeAngelis* panel's decision partly relied on the definition of "action in equity." 556 S.W.3d at 848. Black's Law Dictionary defines "action in equity" as "1. Action (4); 2. See *suit in equity* under SUIT." *Action in Equity*, Black's Law Dictionary (12th ed. 2024). It defines "suit in equity" as "[a] civil suit stating an equitable claim

---

[15]The Fifth Circuit has since held that the TCPA does not apply in federal court. *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019).

and asking for an exclusively equitable remedy." *Suit in equity*, Black's Law Dictionary (12th ed. 2024). It defines "suit" as "[a]ny proceeding by a party or parties against another in a court of law; CASE (1). – Also termed *lawsuit*; *suit at law*. See ACTION (4)." *Suit*, Black's Law Dictionary (12th ed. 2024). The terms suit (equity) and lawsuit work together, "denot[ing] proceedings instituted for the purpose of enforcing a right or otherwise seeking justice." *Id.* (quoting Bryan A. Garner, *Garner's Dictionary of Legal Usage* 862–63 (3d ed. 2011)).

As quoted in Black's Law Dictionary, Garner has explained that both actions and suits ultimately result in judgments, stating,

> *Suit* is historically most closely associated with proceedings in equity <suit in equity>. In the legal sense, *suit* refers to an ongoing dispute at any stage, from the initial filing to the ultimate resolution. *Lawsuit* more clearly implies courtroom proceedings before a judge, as opposed to a dispute before some other type of tribunal. *Action* is close to *suit* and *lawsuit* <action on the case>, but historically *action* was closely tied to legal as opposed to equitable proceedings. . . . When the jurisdictional distinction between law and equity existed, an *action* ended at judgment, but a *suit* in equity ended after judgment and execution. Today, since virtually all jurisdictions have merged the administration of law and equity, the terms *action* and *suit* are interchangeable.

*Id.*

Instead of addressing the adjudication aspect involved in proceedings seeking traditional legal or equitable relief, *see id.*, the *DeAngelis* panel merely quoted this court's earlier observation in *Bed Bath & Beyond* that Rule 202 "incorporates equitable bill of discovery procedures previously found" in other rules. 556 S.W.3d at 848–49 (quoting *Bed Bath & Beyond*, 2007 WL 4292304, at *1). Although accurately quoted,

the panel overlooked the context in which the statement had been made: whether a relator seeking relief from a Rule 202 order had an adequate appellate remedy. *See Bed Bath & Beyond*, 2007 WL 4292304, at *2–3.

In *Bed Bath & Beyond*, we explained that a Rule 202 order for presuit discovery from a third party against whom suit is *not* contemplated will result in an order that is final and appealable as an "end[] in [it]sel[f]" because the order "resolve[s] all discovery issues . . . and act[s] as [a] mandatory injunction." *Id.* at *2 (quoting *Ross Stores, Inc. v. Redken Labs, Inc.*, 810 S.W.2d 741, 742 (Tex. 1991), which was decided under Rule 737 on summary judgment). If, however, suit *is* specifically contemplated, then the trial court's ruling is not a final and appealable order, and review must be sought by mandamus. *Id.*

*Bed Bath & Beyond* does not shackle us to a conclusion that the relief sought in a Rule 202 petition (a presuit deposition) is the same type of "relief" contemplated by the Legislature in defining a TCPA "legal action." *See Elliott*, 504 S.W.3d at 474–75 (Pemberton, J., concurring). To the contrary, while a Rule 202 order can sometimes result in a final judgment that functions as a mandatory injunction, as we discuss below in Section D, the Rule 202 petition itself merely requests discovery in the form of permission to take a deposition to investigate a claim that might ultimately lead to filing a claim for a merits-based adjudication.

We turn next to a review of "relief" in light of the TCPA's purposes.

43

### c. "Relief" in light of the TCPA's purposes means vindication of a right or a legal change in the parties' relationship.

In *Harper*, the supreme court stated that the TCPA's "legal action" definition "appears to encompass any 'procedural vehicle for the *vindication* of a legal claim.'" 562 S.W.3d at 8 (quoting *Paulsen*, 537 S.W.3d at 233) (emphasis added). Because the court cited *Paulsen*, we look to that case and its progeny, along with cases addressing the interplay between the TCPA and other procedural devices, to better understand the TCPA's use of "relief." *See In re Est. of Calkins*, 580 S.W.3d 287, 296 n.9 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("This Court has expressed doubt as to whether the TCPA applies to proceedings other than those for adjudication of legal claims on their merits.").

### (1) *Paulsen* and its progeny address "relief" in terms of merits adjudication.

*Paulsen*, a defamation lawsuit, was not a Rule 202–TCPA case but has informed some of those cases. *See Thibodeaux*, 602 S.W.3d at 718; *Giammanco*, 579 S.W.3d at 681–82; *Caress*, 576 S.W.3d at 781. In response to the defendant's TCPA motion to dismiss, the plaintiff in *Paulsen* filed his own TCPA motion. 537 S.W.3d at 230. Characterizing the plaintiff's argument as "a seductively creative interpretation of statutory intent that would lead to an endlessly circular and absurd result," the trial court denied the plaintiff's TCPA motion. *Id.*

On appeal, the plaintiff argued that the defendant's TCPA motion was a TCPA "legal action" because it was a "legal filing" and sought legal or equitable relief in the

form of a dismissal, attorney's fees, and court costs. *Id.* at 230, 232. The court disagreed, relying on ejusdem generis to limit Section 27.001(6)'s catchall to "things like the former." *Id.* at 233; *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015) ("Where the more specific items, [a] and [b], are followed by a catchall 'other,' [c], the doctrine of ejusdem generis teaches that the latter must be limited to things like the former.").

In holding that the TCPA did not authorize a countermotion to dismiss as a substitute for filing an opposing response, the court observed, "For these purposes the enumeration of 'lawsuit,' 'cause of action,' 'petition,' 'complaint,' 'cross-claim,' and 'counterclaim,' is best characterized by the observation that each element of this class is *a procedural vehicle for the vindication of a legal claim, in a sense that is not true for a motion to dismiss.*" *Paulsen*, 537 S.W.3d at 233–34 (emphasis added).

Following *Paulsen*, the court in *Giammanco*—a Rule 202–TCPA case— concluded that a Rule 202 petition does not fall under the "legal action" catchall because it does not seek either legal or equitable relief "in the traditional sense," and because a successful Rule 202 petitioner "acquires only the right to obtain discovery" and not the vindication of a claim or a change in the parties' relationship. 579 S.W.3d at 674–75, 681–83.[16] A Rule 202 petition "is a means of obtaining discovery to

---

[16]The court also followed *Dow Jones & Co.*, and the *Elliott* concurrence, as well as its prior holding in *Caress. See Giammanco*, 579 S.W.3d at 681–85.

evaluate whether to pursue the vindication of a claim that may, or may not, be shown to exist through the pre-suit discovery." *Id.* at 682.

The court pointed out that its position was supported by the supreme court's acknowledgment in *Glassdoor* that a Rule 202 petition becomes moot when the applicable limitations period has run on "as-yet unfiled claims" that the Rule 202 petitioner wants to investigate. *Id.* at 683 (citing *Glassdoor*, 575 S.W.3d at 527 & n.3). That is, because a Rule 202 petition does not seek to vindicate a claim, limitations can run before the Rule 202 potential-claim investigation has been completed. If, instead of a Rule 202 petition, a lawsuit setting forth a claim for a merits-based adjudication were filed, the claim would not be time-barred unless the defendant timely raised and proved that affirmative defense. *Id.*

The court also concluded that although an order compelling a presuit deposition is a benefit unavailable without Rule 202, "it is not a benefit that is equivalent to a *remedy*." *Id.* at 684. "At its core, Rule 202 entitles the successful petitioner to discovery," which is "a tool in aid of evaluating whether to pursue a remedy later." *Id.* The testimony secured by a Rule 202 deposition might conclusively demonstrate that no viable action exists from which to seek a remedy. *Id.*

As in the *Elliott* concurrence, the *Giammanco* court also considered the TCPA's entire statutory framework in concluding that it did not apply to Rule 202 petitions based on then-Sections 27.005 and 27.006's references to elements of claims,

46

defenses, and liability and the fact that "a Rule 202 petition asserts no substantive claim or cause of action." *Id.* at 684–85.

Finally, the court observed that construing the TCPA to apply to Rule 202 petitions would overwrite Rule 202 in that Rule 202 petitions are often filed because the operative facts are unclear to the petitioner. *Id.* at 685. Making Rule 202 petitions dismissable under the TCPA would make "all such petitions . . . subject to defeat" because of the TCPA's prima-facie-evidence requirement and the possibility that the potential claim's limitations period would expire before the TCPA proceedings concluded. *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *see also Thibodeaux*, 602 S.W.3d at 718–19 (noting that *Giammanco*'s construction "allows a petitioner to file a Rule 202 petition to ascertain whether she can file a meritorious lawsuit for demonstrable injury").

> **(2)** **Although authorities are split on sanctions motions, most cases addressing the TCPA in other procedural contexts support the *Paulsen* interpretation.**

Courts have concluded that the TCPA does not apply in the following procedural contexts:

- **Subpoenas.** *See Dow Jones & Co.*, 564 S.W.3d at 855–57 (holding that pre-2019 TCPA did not apply to third-party discovery subpoena because a subpoena is not a "filing" and does not seek traditional legal or equitable relief); *see also Greiner v. Womack*, No. 04-19-00525-CV, 2019 WL 5405904, at *1 (Tex. App.—San Antonio Oct. 23, 2019, no pet.) (mem. op.) (holding that subpoena was not a TCPA "legal action" because it did not request legal or equitable relief or purport to assert a "claim in question" upon which the appellee would be required to present a TCPA prima facie case).

- **Requests for production.** *Sanchez v. Striever*, 614 S.W.3d 233, 247 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

- **Motions to compel.** *See Ruff v. Ruff*, No. 11-20-00122-CV, 2021 WL 388707, at *6 (Tex. App.—Eastland Feb. 4, 2021, pet. denied) (mem. op.).

- **Motions to transfer.** *In re Guardianship of Fairley*, 604 S.W.3d 450, 458–59 (Tex. App.—San Antonio 2020) (holding that motion to transfer was just "a procedural vehicle relating to which court should decide the underlying matter" and not a merits adjudication of the other party's claims), *aff'd on other grounds*, 650 S.W.3d 372 (Tex. 2022).

- **Rule 91a and Rule 166a motions.** *See id.* at 459 (holding that 2019 TCPA did not apply to a Rule 91a motion because to hold otherwise would allow the TCPA movant to "circumvent her obligation of responding to the rule 91a motion to dismiss," leading to absurdity); *In re Est. of Check*, 438 S.W.3d 829, 836 (Tex. App.—San Antonio 2014, no pet.) (observing that to imply that filing a summary-judgment motion "would reset the deadline for a [TCPA] motion . . . is irrational and at odds with one of the purposes of the Act"), *abrogated on other grounds by Montelongo*, 622 S.W.3d at 299; *see also* Walker, 99 The Advoc. (Tex.) at 15.

- **Objections.** *Nunu v. Risk*, 612 S.W.3d 645, 661 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (stating that objections are merely actions taken by counsel to call the court's attention to improper evidence or procedure and do not assert substantive claims).

- **Motions for contempt.** *See id.* (explaining that contempt is used to coerce a contemnor to obey a preexisting court order or to punish the contemnor for disobedience and "does not vindicate the movant's cause of action, claim, or right of relief; rather, contempt vindicates a court's authority").

- **Appellate-court proceedings.** *Amini v. Spicewood Springs Animal Hosp., LLC*, 550 S.W.3d 843, 843–46 (Tex. App.—Austin 2018, no pet.) (op. on mot. to dismiss appeal).

With the exception of appellate-court proceedings, *see id.*,[17] the holdings in the above cases align with our construction of the Section 27.001(6)(A) exclusion for "procedural action[s] taken or motion[s] made in an action that do[] not amend or add a claim for legal, equitable, or declaratory relief." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A).

The sanctions split in authority pertains both to "relief" and to sanctions-motion functions. Both Houston courts, the Dallas court, and the Beaumont court have concluded that a Rule 13 motion for sanctions is not a TCPA "legal action." *See Kinetic Content, LLC v. Dang*, 695 S.W.3d 769, 774–77 (Tex. App.—Houston [1st Dist.] 2024, pet. filed) (referencing Section 27.001(6)(A)); *Thuesen v. Scott*, 667 S.W.3d 467, 472–77 (Tex. App.—Beaumont 2023, no pet.) (same); *Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *3 n.2, *10 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (applying pre-2019 TCPA); *Barnes v. Kinser*, 600 S.W.3d 506, 507–08 & n.1 (Tex. App.—Dallas 2020, pet. denied) (same). In *Patel* and *Barnes*, the courts also held that the TCPA does not apply to a counterclaim for filing frivolous pleadings under Civil Practice and Remedies Code Chapter 10. *Patel*, 2020 WL 2120313, at *1, *10; *Barnes*, 600 S.W.3d at 510. And in *Misko v. Jones*, the Dallas court held that the TCPA does not apply to a discovery-abuse sanctions

---

[17]In *Amini*, the court explained that then-Section 27.008 prescribed a role for appellate courts under the TCPA that is the "traditional one in deciding appeals from trial-court rulings" such that a TCPA motion could not be used to dismiss an appeal. 550 S.W.3d at 846.

motion. 575 S.W.3d 872, 874 (Tex. App.—Dallas 2019, pet. denied) (applying pre-2019 TCPA).    These courts hold that sanctions motions are not TCPA "legal actions" because

- Neither Rule 13 nor Chapter 10 establishes an independent cause of action for damages; instead, each provides a basis for a trial court to impose sanctions for filing bad-faith pleadings sua sponte *or* on a party's motion. *See Patel*, 2020 WL 2120313, at *4, *6; *Barnes*, 600 S.W.3d at 509–10; *Thuesen*, 667 S.W.3d at 474.

- Rule 13 and Chapter 10 motions share a similar purpose as the TCPA—to check abuses in the pleading process, punish violators, and deter similar misconduct, and Section 27.011 does not abrogate that purpose. *See Patel*, 2020 WL 2120313, at *4, *6; *Barnes*, 600 S.W.3d at 509–11; *Thuesen*, 667 S.W.3d at 475; *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.002–.003, .007, .009, .011.

- To hold that the TCPA applies to Rule 13 and Chapter 10 motions would convert the TCPA from "a weapon against lawsuit abuse" to "a weapon *against* weapons against lawsuit abuse." *Patel*, 2020 WL 2120313, at *6 (emphasis added); *see also Misko*, 575 S.W.3d at 877 & n.4 (stating that treating a motion for sanctions based solely on the other party's alleged discovery misconduct during litigation as a TCPA "legal action" would "lessen" the discovery-abuse remedies otherwise retained under Section 27.011(a)).

- A Rule 13 or Chapter 10 sanctions motion does not set forth a right to receive payment or an equitable remedy and thus does not "amend or add a claim" under Section 27.001(6)(A). *Thuesen*, 667 S.W.3d at 474 (construing 2019 TCPA); *see Kinetic Content, LLC*, 695 S.W.3d at 776–77 (echoing *Thuesen* and *Patel*).

The Austin and San Antonio courts, in contrast, have held that a motion for monetary sanctions is a TCPA "legal action." *See Pate v. Haven at Thorpe Lane, LLC*, 681 S.W.3d 476, 479, 486 (Tex. App.—Austin 2023, pet. granted) (applying post-2019 TCPA); *KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 652 (Tex. App.—San

Antonio 2021, no pet.) (same); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226 (Tex. App.—Austin 2018, no pet.) (applying pre-2019 TCPA).

The Austin court, in construing the 2011 TCPA, held that based on the "legal action" list (including the catchall), the TCPA could be used to dismiss a Chapter 9 sanctions motion brought as a counterclaim that was "based on" and "in response to" the plaintiff's exercise of his right to petition and as a filing seeking legal or equitable relief from the allegedly sanctionable conduct. *Hawxhurst*, 550 S.W.3d at 223, 226. *But cf. Misko*, 575 S.W.3d at 878 (noting that although the *Hawxhurst* sanctions motion attacked the plaintiff's substantive claims, "We do not read *Hawxhurst* to stand for the proposition that each individual filing within pending litigation that is ancillary to the substantive claim at issue constitutes a separate 'legal action' for [TCPA] purposes").

In *Pate*, a divided Austin court revisited "legal action" under the 2019 TCPA and concluded that the TCPA applied to a motion to compel filed against nonparties who had ignored a subpoena. 681 S.W.3d at 479, 488–89. The motion to compel sought monetary sanctions in the form of attorney's fees, costs, and expenses incurred in bringing the motion. *Id.* at 479. The nonparties filed a TCPA motion, complaining that the motion to compel and for sanctions was a "legal action . . . based on and in response to their activity in posting and gathering consumer complaints, commentary, and reviews." *Id.* at 480. The trial court denied the TCPA motion. *Id.* at 481.

On appeal, the majority construed the nonparties' TCPA motion as an intervention and noted that under *Hawxhurst*, it had already held that a sanctions motion fell under the "any other" catchall. *Id.* at 481–83. It then concluded that the motion to compel and for sanctions fell outside the Section 27.001(6)(A) exclusion by adding a claim for legal or equitable relief after referencing "the long-standing rule that '[a] motion for sanctions is a claim for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of sanctions.'" *Id.* at 484–86 (quoting *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 300 (Tex. 2013)). The majority concluded that the trial court should have granted the TCPA motion because although the TCPA nonmovant could have presented a prima facie case for its motion's "elements"—service of a valid subpoena and the nonparties' failure to comply—it had not done so because it "chose to put all its eggs in the legal-action basket." *Id.* at 489.

In dissent, Justice Baker observed that the Legislature had "ostensibly sought to narrow the TCPA's breathtaking scope," and he would have affirmed the trial court's denial because a discovery-sanctions motion filed against nonparties was not a "legal action" but rather "the exact type of 'procedural action' the legislature sought to exclude in its amendments," particularly when the Rules of Civil Procedure "do not authorize the imposition of sanctions against non-parties." *Id.* at 490 (Baker, J., dissenting).

The San Antonio court has also held that sanctions motions fall under the TCPA in *KB Home Lone Star Inc.* 629 S.W.3d at 652, 656–57. There, the court expressly disagreed with *Patel*'s and *Barnes*'s decisions to limit "legal action" to "substantive" causes of action and rights of relief because in defining "legal action," the TCPA did not "exclude sanctions motions from the definition, categorically or otherwise." *Id.* (referencing *Hawxhurst*). In applying the 2019 TCPA, the San Antonio court held that because the sanctions motion at issue requested monetary relief, it fell outside Section 27.001(6)(A)'s exemption. *Id.* at 655–57; *see also Whataburger Rests. LLC v. Ferchichi*, 698 S.W.3d 297, 300, 302 (Tex. App.—San Antonio 2022, pet. granted) (mem. op.) (same).

We are more persuaded by the Houston, Dallas, and Beaumont courts' view regarding the vindication of claims and the relief sought, but whether the TCPA applies to sanctions motions—all, some, or none—we leave for another day because that issue is not before us.

In summary, we conclude that the term "relief" as used in the "legal action" definition refers to a legal change in the parties' relationship or the vindication of a right. As we next discuss, to fall within the TCPA, a request for relief must be by way of a substantive claim—something that is not a Rule 202 petition's purpose.

## D. Rule 202's and the TCPA's text, purposes, and procedures are incompatible.

Under the 2019 TCPA's plain language, a "legal action" is a "filing that *requests* legal, declarative, or equitable relief," Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)

(emphasis added), but the term does not include a procedural step that does not "amend or add a *claim* for legal, equitable, or declaratory relief," *id.* § 27.001(6)(A) (emphasis added). As we will explain, a Rule 202 petition does not assert a claim for "relief" as defined under the TCPA.

### 1. Rule 202 petitions do not request TCPA "relief."

A Rule 202 petition requests discovery before a lawsuit is filed. Tex. R. Civ. P. 202.1. It does not expressly request "relief" under *Cole*'s common, narrow understanding of the term. That is, even if a Rule 202 order may sometimes *function* as an injunction, *see Bed, Bath, & Beyond*, 2007 WL 4292304, at *2, it does not fall within the TCPA's "legal action" definition's catchall because it does not request legal, declaratory, or equitable relief through a claim for vindication of a party's rights. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6); *Harper*, 562 S.W.3d at 8 (quoting *Paulsen*, 537 S.W.3d at 233); *see also Montelongo*, 622 S.W.3d at 296 (quoting *Harper* for the proposition that the TCPA's "legal action" encompasses any procedural vehicle to vindicate a legal claim).

### 2. The distinctions between adjudication and discovery prevent the TCPA's application to Rule 202 petitions.

The "relief" referenced in Section 27.001(6)'s "legal action" definition and in the Section 27.001(6)(A) exclusion is for vindication of rights through an adjudication concluding in a judgment.

### a. Adjudication goes to an existing case's merits for "relief" on a claim.

Parties seek to vindicate their rights through adjudication. As the *Paulsen* court explained, the enumerated "legal action" list in Section 27.001(6) is "best characterized by the observation that each element of this class is a procedural vehicle for the *vindication* of a legal claim." 537 S.W.3d at 233 (emphasis added). Black's Law Dictionary defines "vindicate" (the verb form of the noun "vindication") as "[t]o assert, maintain, or affirm (one's interest) by action <the claimants sought to vindicate their rights through a class-action suit>", "[t]o defend (one's interest) against interference or encroachment <the borrower vindicated its interest in court when the lender tried to foreclose>", and "[t]o assert a legal right to (a thing); to seek recovery of (a thing) by legal process." *Vindicate*, Black's Law Dictionary (12th ed. 2024). Black's Law Dictionary defines "adjudicate" as "[t]o rule on judicially," *Adjudicate*, Black's Law Dictionary (12th ed. 2024), and defines "adjudication" as "[t]he legal process of resolving a dispute; the process of judicially deciding a case," *Adjudication*, Black's Law Dictionary (12th ed. 2024).

One of the TCPA's two stated purposes is to protect citizens from SLAPPs—"meritless lawsuits" filed not to vindicate legal rights but to retaliate against citizens' actions of petitioning, speaking, or associating. *See* 2011 Act (introduction); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.002. Thus, the TCPA requires an expedited dismissal if the party bringing the lawsuit cannot establish by clear and specific

55

evidence a prima facie case for each essential element of his or her claims or if the party defending against the lawsuit can establish an affirmative defense or other grounds "on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .005(b)–(d); *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) (explaining that the TCPA balances safeguarding constitutional rights and protecting the right to file meritorious lawsuits for demonstrable injury by "authorizing 'expedited consideration of any suit that appears to stifle the defendant's communication on a matter of public concern'" (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding))).

As discussed above, a TPCA motion goes directly to the merits of a lawsuit filed to seek relief through the vindication of rights via the adjudication of a claim, counterclaim, or crossclaim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6); *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023) ("The statute provides this protection [for the enumerated rights while protecting meritorious lawsuits] by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review."); *see also Borgelt*, 692 S.W.3d at 311–12 (stating that the TCPA was enacted for "slam-dunk" SLAPP cases and not the kind of cases that require a trial); *USA Lending Grp. v. Winstead PC*, 669 S.W.3d 195, 198 (Tex. 2023) ("[T]he [TCPA] requires early dismissal of qualifying legal actions when the plaintiff lacks evidence of any essential element of its claim.").

### b. Discovery is for investigation.

Discovery, on the other hand, is a procedural tool that does not resolve a claim's merits. *See In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 668 (Tex. 2007) (orig. proceeding) ("Discovery is a tool to make the trial process more focused . . . ."). Instead of resolving a claim's merits, "the purpose of discovery is to enable courts to decide disputes based on 'what the facts reveal, not by what facts are concealed.'" *In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (quoting *In re K & L Auto Crushers*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding)).

Black's Law Dictionary defines "discovery" as "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation <the plaintiff filed a motion to compel discovery> . . . [t]he primary discovery devices are interrogatories, depositions, requests for admissions, and requests for production." *Discovery*, Black's Law Dictionary (12th ed. 2024). Under our civil-procedure rules, once a lawsuit has been filed, a party may obtain discovery regarding any matter that is not privileged and is relevant to the pending action's subject matter, whether it relates to the party's claim or defense or any other party's defense. *See* Tex. R. Civ. P. 192.3.

Discovery rules govern litigation conduct, *see id.*, and "[d]iscovery orders do not engage directly with the merits of the case; they compel compliance with procedural rules that govern the litigation process," *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 41 (Tex. 2024).

### c. Rule 202 seeks discovery, not adjudication.

As a presuit-discovery rule, Rule 202 is considerably more limited than the regular post-filing discovery rules, and it exists to investigate potential claims or preserve testimony for an anticipated—but not yet filed—lawsuit. *See generally* Section B. A party filing a Rule 202 petition does not assert a substantive claim or cause of action. *Bennett v. Zucker*, No. 05-19-01445-CV, 2021 WL 3701365, at *4 (Tex. App.—Dallas Aug. 20, 2021, pet. denied) (mem. op.) (citing *Thibodeaux*, 602 S.W.3d at 718); *Combs v. Tex. Civ. Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied) ("[A] petition under rule 202 is ultimately a petition that asserts no substantive claim or cause of action upon which relief can be granted."); *see Maxwell*, 2024 WL 853320, at *16–17 & n.9 (explaining that "a Rule 202 proceeding cannot be a basis for substantive claims"); *see also* Tex. R. Civ. P. 202.2(e) (stating that the Rule 202 petition must "state the *subject matter* of the anticipated action, *if any*, and the petitioner's interest therein" (emphases added)); *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A) (applying "legal action" definition to actions that "amend or add a *claim* for legal, equitable, or declaratory relief" (emphasis added)).

Adjudication, as defined above, does not take place in a Rule 202 order because that order simply gives the petitioner the right to obtain discovery (via deposition) that might or might not lead to a claim or cause of action. *See Williams*, 2023 WL 8643040, at *3; *see also DePinho*, 505 S.W.3d at 623 (stating that presuit discovery is not an end within itself); *City of Willow Park*, 166 S.W.3d at 341 (explaining

58

that a Rule 202 petition does not seek final or even preliminary adjudication of a claim but rather investigation of potential claims).

Because a Rule 202 petition does not assert substantive claims, and a Rule 202 order does not rule on such claims, *see In re Baxter*, No. 05-16-01174-CV, 2016 WL 6099547, at *2 (Tex. App.—Dallas Oct. 19, 2016, orig. proceeding) (mem. op.), a Rule 202 order will not provide a basis for res judicata.[18] *See Jorden*, 249 S.W.3d at 421 (stating that for res judicata, a "cause of action which arises out of [the] same facts should, if practicable, be litigated in the same lawsuit" and thus may be barred even if never filed). In contrast, a TCPA dismissal *is* a merits judgment and carries res judicata implications. *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 22 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see Tex. Right to Life*, 702 S.W.3d at 351 ("An order resolving a TCPA motion constitutes a ruling on the merits.").

Even though Section 27.001(6)(A)'s exclusion does not specifically name Rule 202 petitions, the adjudication–investigation distinctions between the TCPA's and Rule 202's purposes and their differences in timing (pretrial versus pre-filing) are highlighted by the Legislature's 2019 additions to the TCPA of deadlines like other

---

[18]Further, filing a Rule 202 petition cannot be used to relate back for dominant jurisdiction, *Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 19 (Tex. App.—Dallas 2008, pet. denied), and a Rule 202 order requires presuit findings that are not merits-based inquiries, *see* Tex. R. Civ. P. 202.4(a).

dispositive pretrial motions to Section 27.003; of "judgment as a matter of law" to Section 27.005; of summary-judgment evidence to Section 27.006; of Section 27.0075, which presupposes that a case has been filed by providing that a TCPA ruling is not admissible "at any later stage of the case"; and of Section 27.009(c), addressing frivolous-compulsory-counterclaim dismissal. The distinctions between Rule 202 petitions (discovery) and TCPA "legal actions" (merits adjudication) are so profound that the TCPA cannot and must not be used to dispose of a Rule 202 petition.

### 3. Rule 202's future focus conflicts with the TCPA's focus on existing lawsuits.

In *Montelongo*, the supreme court explained that courts "dismiss claims, causes of action, causes, and lawsuits." 622 S.W.3d at 301. Rule 202 applies to the *potential* for these items but contains none of them.

By definition, Rule 202's use of "anticipated" and "potential" means that a lawsuit has not yet happened but might, and fundamental differences inhere between the TCPA's function—to kill an existing lawsuit—and Rule 202's function—to verify through presuit discovery the basis for a future lawsuit and to safeguard testimony. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) ("If a legal action is based on . . . a party's exercise . . . that party may file a motion to dismiss the legal action."), *and id.* § 27.003(c) (using the TCPA to suspend "all discovery in the legal action" until the trial court has ruled on the TCPA dismissal motion), *with* Tex. R. Civ. P.

202.1 (stating that a person may petition the court "for an order authorizing the taking of a deposition on oral examination or written questions either (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit").

### 4. The TCPA cannot be used to dismiss a Rule 202 petition: wrapping up.

A Rule 202 petition is merely a restricted method for permission to gather evidence, ending in a presuit deposition order that might—or might not—someday lead to a lawsuit's filing. *See* Tex. R. Civ. P. 202.4(b) ("The order must state whether a deposition will be taken on oral examination or written questions."). In contrast, TCPA motions—like other merits-based adjudicatory motions—are used to address the elements of claims, defenses, and other grounds on which a moving party may be entitled to judgment as a matter of law, none of which applies to a Rule 202 petition. *See Caress*, 576 S.W.3d at 782 (stating that because a Rule 202 petition does not place unfiled claims before the trial court for a merits adjudication, "a trial court's order denying a Rule 202 petition cannot dispose of those unfiled claims on the merits, even if the denial purports to rest on a ruling under the TCPA"). *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)–(d), *with* Tex. R. Civ. P. 91a.1 (stating that a party may move to dismiss a cause of action because it has no basis in law or fact), *and* Tex. R. Civ. P. 166a(c) (stating that a judgment "shall be rendered forthwith" if the summary-judgment evidence shows that "except as to the amount of damages, there is no

61

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response").

Although both Rule 202 and the TCPA are "early stage" litigation devices, Rule 202 is presuit, by definition, while the TCPA is deployed only after suit has been filed. *See USA Lending Grp.*, 669 S.W.3d at 205 ("The [TCPA] does not select for plaintiffs certain to succeed; it screens out plaintiffs certain to fail—those who cannot support their claims with clear and specific evidence."). We conclude that the TCPA is for use only against a party that has already sought to vindicate its existing claims through adjudication—by filing a lawsuit to pursue a merits-based ruling—while Rule 202 may be used to seek permission to investigate potential claims that might someday be brought against anticipated parties (or to perpetuate testimony for use in an anticipated suit). *See generally* Sections B–C.

We read the 2019 TCPA to clarify that, to the extent the TCPA might have applied to a Rule 202 petition before September 1, 2019, it no longer does because a Rule 202 petition is a procedural step that does not seek a merits-based adjudication and that does not amend or add a claim for legal, equitable, or declaratory relief as defined in *Cole. See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A); *Cole*, 2022 WL 1259043, at *3–4; *see also Montelongo*, 622 S.W.3d at 296 (referencing legal-claim vindication). We overrule *DeAngelis* to the extent it is inconsistent with our reasoning above, and we overrule Appellants' first issue and hold that the TCPA does

not apply to Maxwell's Rule 202 petition.[19] Because of our disposition of Appellants' first issue, we need not address their remaining issues, all of which rely on the TCPA's applicability.

### III. Conclusion

We affirm the trial court's order denying Appellants' TCPA motion to dismiss and remand this case to the trial court for further proceedings.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  February 13, 2025

---

[19]We do not reach whether Maxwell's petition met Rule 202's requirements or whether the trial court abused its discretion by granting his petition.